SEVERA and wife, Appellants, vs. BERANAK, Respondent.

*January 30—February 16, 1909.*

*Marriage of divorced person within year: Invalidity: Common-law marriage: Mutual benefit insurance: Who may be beneficiaries.*

1. Within a year after his divorce a resident of this state was married in Illinois to another resident of Wisconsin. The laws of Illinois, like those of Wisconsin, prohibited such marriage. The woman knew the man had been divorced but did not know that their marriage was prohibited. She continued to cohabit with him as his wife in Wisconsin until his death more than a year after his divorce. *Held,* that there was no common-law marriage, and that the woman could not share as beneficiary in the proceeds of a mutual benefit certificate issued by a society whose by-laws did not authorize her, if not his wife, to be named as such beneficiary.

2. The fact that the insured was sick for several months prior to his death and was being attended to and cared for by his supposed wife during such illness did not bring her within a by-law of the society under which the insured might designate, as beneficiaries, "persons who are not related to him by blood, but who are dependent on him, or he on them, for their maintenance."

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Rubin & Zabel,* and oral argument by *W. C. Zabel.* They cited, among other authorities, 3 Am. & Eng. Ency. of Law (2d ed.) 960, 961; *Groth v. Central Verein,* 95 Wis. 140, 70 N. W. 80; sec. 2330, Stats. (Supp. 1906); 19 Am. & Eng. Ency. of Law (2d ed.) 1211, 1213, 1214; *State v. Tutty,* 41 Fed. 753; *De Wit v. Lander,* 72 Wis. 120, 39 N. W. 349; *Brown v. Gates,* 120 Wis. 349, 97 N. W. 221, 98 N. W. 205; *Wendel v. Durbin,* 26 Wis. 390; *Spencer v. Pollock,* 83 Wis. 215, 53 N. W. 490; *Williams v. Williams,* 46 Wis. 464, 1 N. W. 98; *Vinz v. Beatty,* 61 Wis. 645, 21 N. W. 787.

*John J. Vlach,* for the respondent *Emilie Beranak,* cited, besides other cases, *Frame v. Thormann,* 102 Wis. 653, 79 N. W. 39; 1 Bishop, Mar. & Div. ch. 39; 3 Elliott, Ev. § 2486; 15 Am. & Eng. Ency. of Law (2d ed.) 1039; *Randall v. Kreiger,* 23 Wall. 137; 26 Cyc. 872; *Meister v. Moore,* 96 U. S. 76; *De Thoren v. Att'y Gen.* L. R. 1 App. Cas. 686; *Ballou v. Gile,* 50 Wis. 614, 7 N. W. 561; *Ledebuhr v. Wis. T. Co.* 112 Wis. 657, 88 N. W. 607; *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 Wis. 162, 18 N. W. 13; Niblack, Ben. Soc. § 147; 3 Am. & Eng. Ency. of Law (2d ed.) 1083, note 4:

TIMLIN, J. The appellants are the parents of one Frank Severa, who died July 18, 1907, leaving life insurance for $1,000 in the defendant society. The following persons were designated as beneficiaries, viz.: *Emilie Beranak,* stated to be the wife of insured, $500; Felix Severa, a brother of insured, $200; John Severa, a brother of insured, $100; the appellants, parents of the insured, $100; and $100 for funeral expenses. Prior to the commencement of this action Felix and John Severa assigned their rights under said policy to the appellants. The insured was a divorced man, and within one year after his divorce and on August 2, 1906, married *Emilie Beranak* at Chicago, Illinois, although both he and *Emilie* were at the time residents of the city of Milwaukee and state of Wisconsin. The divorce laws of Illinois, like those of Wisconsin, at the time prohibited the marriage of divorced persons within one year from the time the decree was presented except in certain cases not relevant here, and also declared such marriage void. *Emilie Beranak,* although she knew the insured was a divorced man, did not know at the time she married the insured that there was any legal prohibition against said marriage, and after said marriage continued to cohabit with the insured as his wife in the state of Wisconsin up to the time of his death and after the expiration of one year from the date of the divorce, which

was February 3, 1906.   The by-laws of the defendant society provided as follows:

"The member shall designate the payment of his death benefit as follows: (1) To his family; (2) to his blood relatives; or (3) to persons depending on him, whom he shall designate in his application, stating the amounts payable to each.   He shall designate the following persons as his beneficiaries: (1) His lawful wife; (2) his children, if they be dead to their children (his grandchildren); (3) his parents; (4) his brothers and sisters of whole-blood; (5) his brothers and sisters of half-blood; (6) his grandfather or grandmother; (7) his nearest relatives other than above mentioned; (8) persons who are not related to him by blood, but are dependent upon him, or he on them, for their maintenance; (9) to National Slavonic Subordinate Assembly and for Slovak national enterprises."

"If, for any reason, a member should not make a designation of his beneficiaries, or if such designation should become null and void, and if because of errors, or for other reasons, or if the designated beneficiary should die, then the benefit shall be paid one half ($\frac{1}{2}$) to wife and the other one half ($\frac{1}{2}$) in equal parts to the children; but where there are no children, one half ($\frac{1}{2}$) to wife and one half ($\frac{1}{2}$) to the parents of the deceased; and in case there is no wife, nor children, nor parents, then the benefit is paid to the legal heirs of the deceased."

The insured left no children.   The society paid the money into court, and this contest is by the parents of the insured, the appellants, claiming in their own right and as assigns of the brothers of the insured and his heirs at law, against *Emilie Beranak.*   The court below held on the foregoing facts that *Emilie Beranak* was the common-law wife of the insured and entitled to the sum of $500 out of the amount of $1,000 paid into court by the society.

It is only fair to the trial court to note that this ruling was made prior to the decision of this court in *Lanham v. Lanham,* 136 Wis. 360, 117 N. W. 787.   According to the rule in the case last cited, *Emilie Beranak* was not in any sense the wife

of the insured. The by-laws of the society, above quoted, did not authorize the insured to name her as a beneficiary. The conclusion that there was a common-law marriage between the parties under the facts aforesaid cannot be upheld. There was in this case no wife or children of the insured, and the benefit under the by-law, as we construe it, so far as the $500 of which *Emilie Beranak* was the designated beneficiary is concerned, went to the appellants, parents of the insured. The remainder they claim by express designation as beneficiaries and by assignment from the brothers of insured. There seems to be no provision in the by-laws for applying any part of the insurance for funeral expenses, and, if so, this would pass also to the parents of the insured as his legal heirs.

The judgment of the court below is further attempted to be supported on the fourth finding of fact, as follows: "Said Frank Severa prior to his death was sick for several months and was being attended to and cared for by said *Emilie Beranak* during his illness." This finding does not bring her within the by-law, "persons who are not related to him by blood, but who are dependent upon him, or he on them, for their maintenance," even if she were otherwise competent to take under this clause of the by-law.

It follows that the judgment of the circuit court must be reversed, and the cause remanded with directions to enter judgment upon the findings of fact in favor of the appellants.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings in accordance with this opinion.