FRED MILLER BREWING COMPANY, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 29—November 18, 1913.*

*New trial: Discretionary order: Appeal: Streets: Unlawful change of grade: Injury to property.*

An order granting a new trial on the ground that the verdict is contrary to the evidence is a discretionary one and will not be disturbed upon appeal unless it clearly appears to have been an abuse of judicial authority. So *held* in a case where the jury found that plaintiff's property was not depreciated by an unlawful change in the grade of the street resulting from the construction of a viaduct.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover damages for an alleged illegal change of grade. The property owned by plaintiff was affected by the construction of a viaduct, substantially as in *Pabst B. Co. v. Milwaukee* and *Joseph Schlitz B. Co. v. Milwaukee,* 148 Wis. 582, 133 N. W. 1112, and *Gross C. Co. v. Milwaukee,* 148 Wis. 72, 134 N. W. 139. The structure alleged to have caused damage in those cases is the one said to have injured plaintiff's property. The court found, as matter of law, that the street was constructed to a duly established grade, at the expense of plaintiff's property, and the grade thereafter illegally changed by construction of the viaduct, as in the cases referred to, and, therefore, submitted to the jury only the question of damages. The jury found, specially, that the value of plaintiff's property was not depreciated by the change of grade. The court, on notice, set aside the verdict as against the clear preponderance of the evidence and the justice of the case, and granted a new trial on condition of plaintiff paying the taxable costs of the first trial. Defendant appealed.

For the appellant there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* special assistant city attorney, and oral argument by *Mr. Williams.*

For the respondent there was a brief signed by *Quarles, Spence & Quarles,* and oral argument by *Wm. C. Quarles.*

MARSHALL, J. Notwithstanding the skilful analysis by appellant's counsel to demonstrate error of the trial court in holding that the evidence established an illegal change of grade injuriously affecting respondent's property, it is not convincing. There is no need to follow such analysis in detail or demonstrate the correctness of the decision below. Suffice it to say, that, as we view the record, it does not clearly condemn such decision. To what extent the change

injuriously affected respondent's property is a jury question subject to control by the trial court to prevent injustice.

Whether the trial court erred- in granting a new trial because the verdict was contrary to the evidence is ruled in respondent's favor by the principle that an order in that regard is discretionary and will not be disturbed on appeal unless clearly granted in abuse of judicial authority.

*By the Court.*—The order is affirmed.