REUTER, Respondent, vs. HICKMAN, LAUSON & DIENER COM-
PANY, Appellant.

*March 2—March 23, 1915.*

*Damages: Inadequacy: Setting aside verdict: Discretion: Option: New
trial or judgment for larger sum.*

1. An order of the trial court setting aside the award of damages as
   inadequate and granting a new trial will not be disturbed on
   appeal unless there was an abuse of discretion, even though there
   was some evidence to sustain such award.
2. In an action to recover for serious, painful, and probably perma-
   nent injuries sustained by a man who was run into by an auto-
   mobile and who by reason thereof had incurred medical ex-
   penses aggregating about $340 and lost considerable time, there
   was no abuse of discretion in setting aside a verdict awarding
   only $1,000.
3. Upon setting aside a verdict because the damages awarded to
   plaintiff are inadequate, the court may in its discretion give de-
   fendant an option to submit to a new trial or to allow plaintiff
   to have judgment for a sum fixed by the court as the maximum
   amount any jury would be warranted in assessing; but such a
   course is not usually advisable, especially in cases where there
   is legitimately a wide range in the amount of damages that may
   properly be assessed.

APPEAL from an order of the circuit court for Milwaukee
county: W. J. TURNER, Circuit Judge. *Affirmed.*

Action for personal injuries sustained by colliding with de-
fendant's automobile. The jury by a special verdict found
for plaintiff and assessed his damages at the sum of $1,000.
Upon motion of plaintiff the court set aside the award of
damages as inadequate and ordered a new trial. The defend-
ant appealed.

For the appellant there was a brief by *Lines, Spooner, Ellis
& Quarles* and *Watson & Abernethy,* attorneys, and *R. S.
Witte,* of counsel, and oral argument by *C. B. Quarles* and
*F. C. Ellis.*

For the respondent there was a brief by *Doerfler, Green &
Bender,* and oral argument by *Christian Doerfler.*

VINJE, J. The question raised by the appeal is whether the trial court abused its discretion in setting aside the award of damages as inadequate and granting a new trial. Unless there was an abuse of discretion in so doing this court will not disturb the ruling. *Fred Miller B. Co. v. Milwaukee,* 155 Wis. 81, 143 N. W. 1066. This is so even though there be some evidence to sustain the verdict set aside. *Rakowski v. Zimmerman,* 158 Wis. 539, 149 N. W. 214. Applying these principles to the present case we find no ground for disturbing the order of the trial court.

There was evidence in the case showing that plaintiff, who in November, 1912, at the time he was injured, was a man forty-five years of age, had sustained a most serious shock to his nervous system by being run into by defendant's automobile. His right thumb was severely cut and nearly severed from the hand. He was confined to his bed for ten days suffering severe pain in his knee, spine, and shoulder, and was unable to leave his home for a month and then able to walk only by the aid of crutches. At the time of the trial in September, 1914, he was still suffering hot, shooting pains at the base of the spinal column, was nervous, averse to society and at times even to members of his own family, walked with a limp or drag, had partly lost his memory and his hearing in his right ear, was able to sleep only about five hours per day, and showed many other signs of suffering from traumatic neurasthenia. In the interval between the time of the injury and the trial he had received treatment from various doctors without obtaining much relief. There was medical evidence that his condition at the time of the trial was reasonably certain to be permanent, though defendant's doctors thought he would regain a fair degree of health. He necessarily incurred medical expenses aggregating about $340 and lost considerable time. Before his injury he was a healthy, normal man though of a rather nervous temperament. This is a brief synopsis of some of the more salient parts of the evidence

showing damage.   The jury assessed it at $1,000.   The trial court reached the conclusion that such assessment was inadequate and that, in his judgment, about $3,000 would have been a proper amount.   As before indicated, we cannot say that there was an abuse of judicial discretion in setting aside the verdict and granting a new trial.

It is urged by defendant that the trial court should have given it an option to allow judgment in a sum fixed by the court or to submit to a new trial, and that this court, if the order be affirmed, should do so.   It is a matter resting within the discretion of the trial court whether it shall give an option to either party to take judgment for a certain amount or a new trial.   No abuse of discretion is perceived in failing to do so in the instant case.   Indeed, this court deems it best not to comply with the defendant's request.   In fixing such a sum the maximum amount that in the judgment of the court any jury would be warranted in assessing would have to be fixed upon.   If such option were given to a plaintiff, the minimum amount any jury would be likely to assess would be fixed upon.   Permitting a defendant to allow judgment against him for a maximum amount is usually not a "consummation devoutly to be wished" by him.   But aside from that, in a case like this where there is legitimately such a wide range in the amount of damages that may be properly assessed, depending upon how the proof impresses the jury and the court, it is deemed a better administration of justice to let another jury assess the damages.   Should such jury make even a very low assessment there is nothing in any ruling so far made in the case to interfere with its becoming the final assessment of damages.   The same or another trial court might conclude that, in view of two low assessments by two separate juries, justice requires no more.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.