ARMSTRONG, Respondent, vs. INDUSTRIAL COMMISSION and: another, Appellants.

*October 29—November 16, 1915.*

*Workmen's compensation: Who are dependent: Void marriage: "Member of the family:" Statute construed.*

Compensation for the death of an employee cannot be recovered by a woman who was living with him in good faith as his wife but whose supposed marriage with him was void because it took place within a year after his divorce from a former wife. In such a case she was not a "member of the family of the deceased" within the meaning of sub. 4, sec. 2394—10, Stats., that statute being intended to cover legitimate and not illicit ties; and it is not material that she may have been dependent on him for her support.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the appellant *Wausau Street Railroad Company* there was a brief by *Brown, Pradt & Genrich,* and oral argument by *L. A. Pradt.*

For the respondent there was a brief by *Smith & Leicht,* and oral argument by *George J. Leicht.*

BARNES, J. This action arises out of the accidental death of Hallie R. Armstrong while in the employ of the *Wausau Street Railroad Company* and a claim for recovery made by the plaintiff under the Workmen's Compensation Act, the employer and employee being subject to the terms of that act. The *Industrial Commission* denied compensation. The circuit court reversed this decision and awarded the plaintiff judgment, and defendants appeal.

The plaintiff and deceased were living together as husband and wife at and prior to the time of his death. A marriage ceremony had in form been gone through with, but the deceased at the time was incompetent to contract marriage because he had a wife or former wife from whom he had not been divorced one year. The plaintiff was not aware of the impediment and believed that she was lawfully married.

Sub. 4 of sec. 2394—10, Stats., provides: "No person shall be considered a dependent unless a member of the family of the deceased employee, or one who bears to him the relation of husband or widow, or lineal descendant, or ancestor, or brother, or sister."

It is conceded that the alleged marriage was void and that the plaintiff was not the wife of deceased. The sole question involved is: Was she "a member of the family of the deceased" within the meaning of the statute quoted? We

think the question is answered in the negative by the case of *Severa v. Beranak,* 138 Wis. 144, 119 N. W. 814. However innocent the plaintiff may have been, in law her relation with the deceased was an illicit one, and we think it would be neither good law nor good public policy to hold that such a relation established a family relation. It is probably true that a person not a wife or blood relation may be a member of a man's family. What we hold is, that living with a man as his wife, where there is no marriage, does not create a family relation within the meaning of the statute. We think it was intended to cover legitimate and not illicit ties. It is not material that plaintiff may have been dependent on the deceased for her support, because she is not entitled to recover unless she was a member of his family, and cases holding that a woman living in adulterous intercourse with a man may be dependent on him for support are not in point.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.