State ex rel. Milwaukee v. Circuit Court, 163 Wis. 445.

Law is a humane remedial enactment, which was placed upon our statute books to give vitality to the idea that personal injury losses incident to employee service, are as much a part of the labor cost of such service as wages paid and should, in some practicable way, be so treated. Therefore the legislative language used in the act to that end should be as liberally construed to effect the beneficent purpose intended, as it reasonably can be. It is useless to try to minimize the scope of such language by confining the meaning of words to any technical signification. Rules of strict construction are not applicable to the law, as the results of the many cases which have come to this court amply illustrate, and should efficiently operate to prevent litigation grounded on logic which would narrow the scope of the enactment. Construction, where construction is permissible, which will give to the law its fullest reasonable scope, is thought to be what is required to carry out the legislative purpose, in harmony with what was said in *Sadowski v. Thomas F. Co.* 157 Wis. 443, 449, 146 N. W. 770.

*By the Court.*—The judgment is affirmed.

STATE EX REL. CITY OF MILWAUKEE vs. CIRCUIT COURT FOR MILWAUKEE COUNTY and another.

*May 6—May 23, 1916.*

*Appeal: New trial: Failure to bring to trial: Dismissal: Waiver of right.*

1. The right to have an action dismissed for failure to comply with sec. 3072, Stats., may be waived as effectually while the record remains in the supreme court as after it has been returned to the circuit court.
2. The evidence produced upon a motion to dismiss an action because of noncompliance with sec. 3072, Stats., showing negotiations and agreements between the attorneys for the respective parties, is *held* sufficient to warrant the trial court's decision that defendant had waived the right to a dismissal on that ground.

MANDAMUS to the circuit court for Milwaukee county and the judge thereof. *Dismissed.*

For the petitioner there was a brief by *Clifton Williams,* city attorney, *Chas. W. Babcock* and *Walter J. Mattison,* assistant city attorneys, and oral argument by *Mr. Williams* and *Mr. Babcock.*

*I. A. Fish,* for the respondents.

KERWIN, J.   The petitioner moved to dismiss the case of Fred Miller Brewing Company, plaintiff, vs. City of Milwaukee, defendant, for the reason that sec. 3072, Stats., had not been complied with, and the plaintiff in said case of Fred Miller Brewing Company vs. City of Milwaukee moved to put the case upon the calendar for trial.   The motion of defendant, petitioner here, was denied and the motion of plaintiff, Fred Miller Brewing Company, was granted.

The petitioner thereupon obtained from this court an alternative writ of *mandamus* commanding the circuit court for Milwaukee county and *Hon. W. J. Turner,* judge thereof, to dismiss the action of Fred Miller Brewing Company vs. City of Milwaukee or show cause to the contrary.

Due return was made to the writ.   There was a demurrer to the return and supplemental return and the argument in this court was upon the demurrer.

The main question upon the merits here is whether the petitioner waived the right to have the statute, sec. 3072, complied with.   This issue was raised upon motion to dismiss and affidavits presented on both sides more or less conflicting. There is no dispute but that the record remained in this court more than a year after the order of affirmance in the case of *Fred Miller B. Co. v. Milwaukee,* 155 Wis. 81, 143 N. W. 1066.

Some point is made by counsel for petitioner to the effect that there could be no waiver while the record remained in this court.   We fail to appreciate the force of this argument.

We fail to see why a waiver may not occur as effectually while the record remains in this court as after it has been returned to the circuit court. Counsel for respondents also contends that sec. 3072, Stats., should not be held to apply to appeals from intermediate orders when the lower court is affirmed; and that the supervisory jurisdiction of this court should not be invoked to reverse decisions of trial courts on questions of law and fact by writ of *mandamus*.

In the view we take of the case we do not find it necessary to decide these contentions of respondents, because we are convinced that we should not disturb the ruling of the circuit court to the effect that the petitioner waived the provisions of sec. 3072, Stats. *State ex rel. Forrestal v. Eschweiler,* 158 Wis. 25, 147 N. W. 1008; *Parkes v. Lindenmann,* 161 Wis. 101, 151 N. W. 787.

In the return of the circuit court to the writ by *Hon. W. J. Turner* it is said:

"The motion made by the plaintiff which resulted in the order of January 20, 1916, presented facts by reference to the record in the action and affidavits showing negotiations, propositions, and agreements between the attorneys for the plaintiff and Clifton Williams, Esq., assistant city attorney for the city of *Milwaukee,* who was charged with the defense of the said action, which satisfied the court that the attorneys for the plaintiff believed, and had good reason to believe, and to act upon such belief, that the defendant was not relying upon sec. 3072 of the Revised Statutes, but that if such negotiations as were had and pending did not result in a settlement of the action, that the action would be brought to trial without reference to the expiration of the year, having in mind the convenience of the attorneys, and for that reason we held that the defendant was estopped and waived the right to avail itself of the provisions of said sec. 3072 of the Statutes of Wisconsin."

While the evidence produced in the circuit court on motion to dismiss and upon which the circuit court acted is rather meager, we think it was sufficient to warrant the court in

holding as it did, and that its ruling should not be disturbed here. We see no useful purpose in extending this opinion by a discussion of the affidavits produced and upon which the circuit court made its ruling as appears from the returns to the writ.

*By the Court.*—The demurrer to the returns is overruled and the relation dismissed.