# CASES

IN THE

# SUPREME JUDICIAL COURT

OF THE

## STATE OF MAINE

SUPREME LODGE, NEW ENGLAND ORDER OF PROTECTION, In Equity

*vs.*

LAURA E. SYLVESTER AND ALBERT J. LARRABEE.

Knox. Opinion January 20, 1917.

*Bills of Interpleader. Fraternal Insurance Associations. General rule as to who are and what constitutes a "dependent" under an insurance policy.*

The plaintiff is a fraternal beneficiary society. By its by-laws, and by the laws of Massachusetts under which it was organized, it was provided that death benefits might be made payable to persons dependent on a member. A member procured a benefit certificate which provided that his benefit should be paid to his deceased wife's sister, "related to him as dependent." Upon a bill of interpleader, brought after his death, to determine to whom the benefit should be paid, it is *held:*

1. That no person can be a beneficiary, except those in the classes designated by the statute of Massachusetts and by the laws of the society.

2. That to constitute dependency there must be some duty or obligation, either legal, or equitable, or moral, on the part of the member to furnish support, or to aid in doing so, on account of which the claimant has some reasonable grounds of expectancy of support.

3. That where the claimant, a sister of the deceased wife of a member, lived in his family for mutual convenience, she acting as housekeeper, and where there was no contract or promise on his part to continue the relation, and where either might end the arrangement without the violation of any duty, she was not a dependent, within the meaning of the statute under which the society was organized.

4. That in accordance with the laws of the society, the benefit in this case is payable to the sole heir and next of kin of the member, the other claimant.

Bill of interpleader brought by plaintiff order to have the Court determine to which of two defendants it should pay the benefit fund payable under a certain insurance certificate issued by the plaintiff order on the life of one Horace A. Larrabee.  The fund was claimed by Laura E. Sylvester, a sister-in-law of the deceased, who was the beneficiary named in the certificate, and by Albert J. Larrabee, a brother of the deceased, claiming as sole heir at law and next of kin; the brother claiming that said Laura E. Sylvester was not, within the intent and meaning of said benefit certificate and the law relating thereto, a "dependent of or person dependent upon" the said Horace A. Larrabee.

The cause was heard upon bill, answer, replication and proof. The sitting Justice ruled that Laura E. Sylvester was a "dependent" within the meaning of that term as used in the plaintiff's certificate of insurance and that she was thereby legally entitled to said insurance.  From which ruling, an appeal was entered.  So much of the decree below as awarded the fund to Laura E. Sylvester is overruled.   A decree will be entered in accordance with the opinion. So ordered.

Case stated in opinion.

*Oakes, Pulsifer & Ludden,* for complainant.

*Frank B. Miller and A. S. Littlefield,* for Laura E. Sylvester.

*Frank H. Ingraham,* for Albert J. Larrabee.

SITTING:   SAVAGE, C. J., KING, BIRD, HALEY, HANSON, PHILBROOK, MADIGAN, JJ.

SAVAGE, C. J.   This is a bill of interpleader wherein the plaintiff asks that the defendants be required to interplead respecting their claims to the sum of one thousand dollars, which it has in its hands as the amount of the death benefit named in his benefit certificate issued to Horace A. Larrabee, one of its members.  The claimants are Laura E. Sylvester and Albert A. Larrabee.  The parties have interpleaded.

The cause was heard by a sitting Justice upon bill, answers and proof, and he found that the defendant, Laura E. Sylvester, was entitled to the amount due on the benefit certificate.  From his decree, Albert J. Larrabee, the other defendant, appealed.

The plaintiff order was organized under the laws of Massachusetts, which provide that the death benefit may be payable to "persons dependent upon the member named in the benefit certificate." And the constitution of the order also provides that the benefit fund may be paid to "persons dependent upon such member." Mr. Larrabee's benefit certificate in the first instance was made payable to his wife. Upon her decease he procured a new certificate, which is the one now in question and which provided that the benefit should be paid at his death "to Laura E. Sylvester, related to the said Horace A. Larrabee as dependent." And Mrs. Sylvester claims the fund under the certificate. The other claimant, Albert J. Larrabee, was the sole heir and next of kin of the deceased, and as such he claims the fund. He denies that Mrs. Sylvester was a dependent within the meaning of the laws of Massachusetts, under which the society was incorporated. If Mrs. Sylvester was not a dependent, then Mr. Larrabee is entitled to the fund.

What is dependency within the meaning of the statute which authorizes the society to make its death benefits payable to dependents is a question of mixed law and fact. The situation of the parties, their relation in fact to each other, present questions of fact. The interpretation of the statute and the meaning of the word in the statutory sense present questions of law. The findings of the single Justice as to the facts will not lightly be disturbed. Whether these facts, as found by the Justice, constitute dependency as defined by law, that is to say, the legal effect of the facts, is a question of law. The facts in this case are not seriously in dispute.

Mrs. Sylvester was a sister of Mr. Larrabee's deceased wife, who in her lifetime was the beneficiary designated by him. She had been a widow since 1887. During the last years of her sister's life she was a nurse, but when not at work, she made her home at Mr. Larrabee's. She never paid any board, but used to help about the housework, and took care of her sister at times when she was sick. Mrs. Larrabee died in Boston, Sept. 27, 1910. Mrs. Sylvester was then at the Larrabee house and stayed there until Mr. Larrabee died April 5, 1915. After Mrs. Larrabee's death, Mr. Larrabee said to Mrs. Sylvester that he was not going to break up his home and asked her to stay. She stayed. Nothing was said about wages and none ever paid. She says, "I did the housework; I kept the house just the same as my sister did, and I kept it just the same as I would for

my brother." When they went to Boston on a visiting trip to her relatives he bought the tickets. He usually gave her some little change if she was going down the street, for car fares and like that. Mr. Larrabee made his will, in which he gave to Mrs. Sylvester the house and lot where he lived, half of a barn and lot, a double tenement house, a single tenement house, the household furniture and furnishings in the house where he lived and the contents of the barn. He gave to Albert J. Larrabee, his brother, the other claimant, the rest of his estate.

After the will was made, Mr. Larrabee handed it to Mrs. Sylvester, saying "Take care of this. It is yours." Afterwards she read it. She continued to stay as before. Sometime after the will was made, he had his certificate in the plaintiff order changed, and had the new certificate made payable "to Laura E. Sylvester, related to said Horace A. Larrabee, as dependent." He handed the new certificate to her saying "That is made out to you." While she lived with Mr. Larrabee she had no other means of support than that which was furnished by Mr. Larrabee. She was related to Mr. Larrabee only by marriage. She says that she did not expect any wages until after she saw what he had done when he made the will. Mrs. Sylvester had a policy of endowment insurance on her own life, and the last year of his life Mr. Larrabee gave her some money to pay the premiums. She says, "I didn't have the money, and he said he would help me with it." This is Mrs. Sylvester's whole story.

It is, of course, unquestioned that no one can be a beneficiary, except those in the classes designated by statute and by the laws of the society. *Am. Legion of Honor* v. *Perry*, 140 Mass., 580; *Britton* v. *Royal Arcanum,* 46 N. J., Eq., 102. In this case Mrs. Sylvester must fall within the designated class of dependents, or fall outside of the case. And in that event, the benefit, according to the laws of the society, will belong to Albert J. Larrabee, the other claimant.

Who is a dependent? The term is defined in several classes of cases and not always with precisely the same meaning. There are cases where the question arises under homestead statutes, or exemption statutes, or statutes giving remedy to dependents for death by wrongful act, as well as under statutes and by-laws governing fraternal benefit societies. In fraternal benefit society cases, the courts in many instances in determining the question of dependency, have

referred in express terms to the benevolent character and purposes of such societies. These societies exist, and are permitted by the statutes of most States to exist, only to enable men to protect their wives, children and relatives and their dependents to whom they are under some obligation to protect or support. The obligation need not be a legal one. It may be legal, moral or equitable. It must flow from some kind of a duty.

In some of the earlier cases, a dependent is said somewhat loosely to be "a person dependent for support in some way" upon another. *Ballou* v. *Gile,* 50 Wis., 614; *Alexander* v. *Parker,* 144 Ill., 355; *Murphy* v. *Nowak,* 223 Ill., 301.

In many of the later cases, attempts have been made to define the term more clearly, with reference to its meaning in the statutes relating to fraternal societies. In *McCarthy* v. *Supreme Lodge, New England Order of Protection,* 153 Mass., 314, the court said:— "Trivial, casual, or perhaps wholly charitable assistance would not create the relation of dependency within the meaning of the statute or by-laws. Something more is undoubtedly required. The beneficiary must be dependent upon the member in a material degree for support or maintenance or assistance, *and the obligation on the part of the member to furnish it, must, it would seem, rest upon some moral, or legal, or equitable grounds,* and not upon the purely voluntary or charitable impulses or disposition of the member." This language is quoted with approval in several cases, and its substance seems to meet with general acceptance. See *Wilber* v. *Supreme Council, N. E. O. P.,* 192 Mass., 447; *Modern Woodmen* v. *Comeau,* 79 Kan., 493; *Caldwell* v. *Grand Lodge, A. O. U. W.,* 148 Calif., 195. In the latter case, after quoting the foregoing from McCarthy case, the court said:—"Such is the accepted rule, and considering the charitable and benevolent nature of these associations, it is the just rule."

It should be observed that the defendant in the case of *McCarthy* v. *The Supreme Lodge, New England Order of Protection,* supra, is the plaintiff in this case. The court in the McCarthy case interpreted the Massachusetts statute under which this benefit certificate was issued and by its interpretation of the laws of Massachusetts we feel bound.

In some of the cases the rule is stated to be that dependency must rest upon some moral, legal or equitable ground and not on favor, caprice or whim, which may be cast aside without violating any legal

or moral obligation. *Caldwell* v. *Grand Lodge, A. O. U. W.*, 148 Calif., 195; *Palmer* v. *Welch*, 132 Ill., 141; *Morey* v. *Monk*, 145 Ala., 301; *American Legion of Honor* v. *Perry*, 140 Mass., 580; *McCarthy* v. *Supreme Lodge, N. E. O. P.*, 153 Mass., 314; *Lavigne* v. *Ligue Des Patriots*, 178 Mass., 25; *Wilber* v. *Supreme Council, N. E. O. P.*, 192 Mass., 477.

This rule is supported by the general run of authority, although not all cases use the same phraseology. See *Royal League* v. *Shields*, 251 Ill., 250; *Alexander* v. *Parker*, 144 Ill., 355; *Grand Lodge* v. *Gandy*, 63 N. J., Eq., 692; note 36, L. R. A., N. S., 208; *Modern Woodmen* v. *Comeau*, 79 Kan., 493; *Faxon* v. *Grand Lodge*, 87 Ill., App., 262; *Elsey* v. *Odd Fellows' Association*, 142 Mass., 224; *Severa* v. *Baranak*, 138 Wis., 144; *Ownby* v. *K. of H.*, 101 Tenn., 16; *Benevolent Legion* v. *McGinness*, 59 Ohio St., 531.

In some cases moral obligation of the deceased to keep a promise of support which he made to the beneficiary has been deemed sufficient to create the relation of dependency. Such a case was the McCarthy case, already referred to. In that case the woman was engaged to be married. At her intended husband's request she left her employment, which afforded her a comfortable support, for one in which her earnings were insufficient for that purpose and received from him each week a sum sufficient to make up the difference. When he asked her to change her employment, one reason being that he could not see her where she was as often as he wished, he told her that if she would do so he would supply her with such sums as in addition to what she could earn would be sufficient to afford her a comfortable support. The court said that "in view of the relation between them we think she had a right to receive and depend upon his assistance and that he was under moral obligation, after promising it, to continue to furnish it." The court in *Alexander* v. *Parker*, supra, said of the McCarthy case, that "it goes as far in the direction of liberal interpretation of the statute as correct rules of construction will warrant." In *Wilber* v. *Supreme Council, N. E. O. P.*, supra, a case not unlike the McCarthy case, it appears that there were three sisters. The member married one of them, with an express understanding that they should all go to his home and be one family. The wife, as long as she lived, and one of the sisters, did the housework. The member contributed his earnings. The third sister, to whom he made the benefit payable, contributed what she could.

It was held that she was a dependent on the ground of his moral obligation to keep his promise when he married the sister and to make a home for all of them.

We think the correct rule of interpretation of the statutory term, "dependent," in fraternal society cases, is that stated by the Massachusetts court in the McCarthy case. It has seemed to meet with general acceptance. It is a suitable rule to effectuate the purposes of these beneficiary societies. And that rule is that there must be some duty or obligation, either legal, or equitable, or moral, on the part of the member to furnish support, or to aid in doing so, on account of which the claimant has some reasonable grounds of expectancy of support as a basis of legal dependency.

In this case we are unable to find any duty, either legal, equitable or moral, on the part of Mr. Larrabee to support Mrs. Sylvester. There was no contract. He made no promise. They lived together, she as housekeeper, for their mutual convenience. While the arrangement lasted she would do the housework and have a home. But there was nothing that she had a right to depend upon except his good will. He might end it any day, or she might leave any day, without the violation of any duty on the part of either. It was purely voluntary on both sides. If it be suggested that there was a mutual expectation that the relation established would continue during life, it was an expectation that either might disappoint without the violation of any duty.

The will shows their real relation, so far as they had any, though this was made after the arrangement began, and not in pursuance of any agreement he had made. By the will he gave her a large amount of property. She knew it. From that time on she lived in the expectation, not of support of which his death would deprive her, but of the enjoyment of the property which the will gave to her. We think that she was not in any legal sense his dependent within the meaning of the definition in the McCarthy case.

We conclude that Albert J. Larrabee, the sole heir and next of kin, is entitled to the amount due upon this benefit certificate. So much of the decree below as awarded the fund to Laura E. Sylvester must be reversed. A decree will be entered below, in accordance with the opinion.

*So ordered.*