### Succession of STEVENSON.
### No. 1386.

Court of Appeal of Louisiana. First Circuit.
Dec. 4, 1934.

Charles T. Wortham, of Donaldsonville, for appellant.

George R. Blum, of Donaldsonville, for appellee.

ELLIOTT, Judge.

Mrs. A. B. Stevenson Pedesclaux, Albert Stevenson, and Allen Stevenson, Jr., plaintiffs, allege that they are the children and sole heirs of Rev. Allen Stevenson and his late wife, Frances Lang Stevenson, and pray as heirs of their father to recover of Evelena Smith the proceeds of a benefit insurance certificate in which Mrs. Smith is named as the beneficiary. They also pray as his heirs to be recognized as owners and as such sent into possession of a small tract of land described in their petition.

Mrs. Smith in her answer defends her right to the proceeds of the policy on the ground that she was dependent on said Stevenson, and prays in reconvention for judgment against the plaintiffs recognizing her as the owner of the buildings situated within an inclosure on the parcel of ground described in the petition, with right to maintain and keep the buildings on the ground and to use and live in them for the balance of her life. The parties are all colored people.

The court below held that plaintiffs were entitled to the proceeds of the policy of benefit insurance, ordered that it be paid to them as prayed for, recognized them as the owners by inheritance from their father of the parcel of ground described in their petition, and sent them into possession of the same, making no mention of the buildings claimed by the defendant, and did not act on her demand in reconvention. Mrs. Smith has appealed.

The important facts bearing on the title to the real estate claimed by the plaintiffs are conceded in the answer. The title to the buildings claimed by the defendant is established. The record shows that Rev. Allen

Stevenson departed this life intestate on February 3, 1934, leaving three children, the petitioners, his sole and only heirs. He was married to Frances Lang on March 21, 1878, and these children were born of the marriage. The exact date of the death of Frances Lang Stevenson does not appear, but the evidence indicates that she died intestate upwards of 30 years before the death of her husband. Soon after the death of his wife he commenced living with Evelena Smith, wife of Robert S. Smith.

The record shows that Evelena Smith, also called Evelyn, was married to Robert S. Smith on March 19, 1885, under the name of Mary Delone. It is clear from the evidence that Mary Delone and Evelena Smith refer to one and the same party. Evelena Smith was never divorced from Robert S. Smith. At the time of the trial in the lower court, he was still living. When Allen Stevenson and Evelena first commenced living together they lived in a house on a lot of ground which belonged to her, but the ground on which her house stood was taken by the levee board for levee purposes, on which account it became necessary to move her house to another site. Acting on the suggestion of Rev. Stevenson, she moved her house to and located it on a parcel of ground near by which belonged to him and Zenon Johnson, but of which the said Stevenson claimed to her he was the owner. At any rate 25 years or more ago Evelena's house was moved to and located on the parcel of ground hereinafter described, and they continued living together in this house until his death. Plaintiffs allege that Evelena and their father lived together in concubinage. We are satisfied from the relations between the parties that such must have been the case.

The policy in question is not in the record and is not in evidence, but an extract from it appears to have been copied into the inventory made in the succession proceedings entitled Succession of Rev. Allen Stevenson and Frances Lang Stevenson, his Wife. According to this inventory, the policy is for $500, bears date August 15, 1911, names Evelena Smith as beneficiary, and refers to her as the cousin of said Stevenson.

The evidence shows that Evelena Smith was not related to the said Stevenson, neither was she his mother-in-law, daughter-in-law, stepmother, or stepchild, but she claims that she was dependent on him within the sense and meaning of Act No. 256 of 1912, § 6. There is considerable resemblance between the alleged dependency in this case and the facts found to exist in the case of Wright v. District Grand Lodge, No. 21, Grand United Order of Odd Fellows (La. App.) 150 So. 85. The Supreme Court of Maine in the case entitled Supreme Lodge, New England Order of Protection v. Sylvester, 116 Me. 1, 99 A. 655, L. R. A. 1917C, page 925, considered a question of dependency based on legislation similar to our own. The conclusion of the Maine court on the subject is substantially our own. In the present case the facts do not establish dependency on Rev. Allen Stevenson on the part of Evelena Smith, defendant. The judgment of the lower court holding that the plaintiffs are entitled to the proceeds of the benefit insurance in question is correct. The plaintiffs were also properly recognized as owners of the parcel of ground described as "A certain tract of land measuring 102 feet on the Mississippi River by 30 arpents more or less in depth between parallel lines bounded above by the lands formerly of Alexander and Smith Meyers and below by lands formerly of Richard Durden (now Caruso) and in the rear by the land formerly of widow Pedesclaux, being a part of lot 10 on the plan of Division of the Lacroix Plantation, drawn by Samuel E. Hepburn, Surveyor; said tract being situated in the Parish of Ascension on the right side of the Mississippi River about 2 & ¾ miles below Donaldsonville." But the buildings thereon hereinafter mentioned should have been awarded to the defendant with right to maintain and keep them on said land and to use and live in them as will be hereinafter stated. On the trial of the reconventional demand when defendant tendered in evidence the act in her favor executed by Rev. Allen Stevenson, the plaintiffs objected on the ground that: "Since the parties are all domiciled in the Parish of Ascension that reconventional demand cannot be brought in the same action, since it is entirely unconnected with the matter we are trying, towit: the right to the proceeds of a certain policy of fraternal life insurance, and on the further ground that it is premature, since no action has been taken to have the property of Evelena removed." The objection was overruled, the evidence received, and the plaintiffs complain of the ruling.

The petition of the plaintiffs alleges that they are the owners of this parcel of ground by inheritance from their father and pray to be sent in possession as owners. The house and buildings claimed in the answer are situated on the land and would go with the land as part of it, were there no claim nor title to the contrary. As Evelena Smith was a party

defendant, it was necessary for her to plead her title to the house and right to occupy the premises. Her right to claim same in reconvention comes within the contemplation of the Code Practice, art. 375. Plaintiffs' objection was properly overruled.

■ The title whereby Allen Stevenson acquired a half interest in this land is not set out in the petition, was not offered in evidence, and is not in the record, but Stevenson's ownership of the land is conceded in the answer of the defendant. It is perhaps well to say in this connection that the clerk of court has not certified that the record contains the evidence received on the trial, but there is no complaint, and we are not asked to disregard the statement of fact made by the lower court in stating reasons for judgment, that Allen Stevenson acquired the land with Zenon Johnson from J. Lacroix et al. on June 25, 1887, by act before Prosper Landry, notary public, duly recorded in the conveyance records of the parish of Ascension in the Book of Conveyance No. 31, folio 464. According thereto Allen Stevenson and Zenon Johnson were the owners of the land at the time of the death of Stevenson. The record shows that Rev. Stevenson by authentic act executed August 5, 1929, recognized Evelena Smith as the owner of the buildings on the land, the buildings being described as "one large dwelling house with kitchen, cistern, tanks, hen house, corn house and small potato house all situated together in an enclosure upon said property and now occupied by the said Evelena Smith." In this act he not only declared that she was the owner of the buildings on the land within the inclosure, but transferred to her the right to continue to maintain the buildings on the land for the period of her natural life. The record shows that he acquired the land previous to his marriage with Frances Lang; consequently it was his separate property. There is no claim on the part of the plaintiffs that the act in favor of Mrs. Smith interferes with or infringes on their legitime. The act says that the transfer is made "for services rendered to him constituting a full and valuable consideration," and his declaration to that effect is not questioned. The transfer is therefore as binding on the plaintiff heirs as it was on the Rev. Allen Stevenson, and must be recognized and given effect, without prejudice to such rights as Zenon Johnson or his heirs or assigns may have, if any, in and to the land.

■ For these reasons the judgment appealed from, to the extent that plaintiffs are held entitled to the proceeds of the certificate of benefit insurance, is affirmed. It is also affirmed to the extent that plaintiffs are recognized as owners and sent into possession of the parcel of land described in the petition; but the judgment is amended so as to eliminate from such recognition, and possession the buildings within the inclosure stated in act from Rev. Allen Stevenson to Evelyn or Evelena Smith, and will to that extent be annulled and avoided and judgment rendered in favor of the defendant, putting the amendment into effect. It was further error on the part of the lower court to fail and neglect to act on defendant's demand in reconvention. As the record contains all the facts and testimony to enable us to pronounce definitely on this demand, we will pronounce on the case in that respect, the judgment which the lower court should have rendered. For these reasons, in addition to the judgments rendered, there is now judgment in favor of Evelena or Evelyn Smith in reconvention against the plaintiffs Mrs. A. B. Stevenson Pedesclaux, Albert Stevenson, and Allen Stevenson, Jr., decreeing that the said defendant Evelena or Evelyn Smith is the absolute owner of "one large dwelling house, with kitchen, cistern, tanks, hen house, corn house and small potato house," situated together in the inclosure upon the said land described in the petition, with right on the part of Evelena or Evelyn Smith to maintain and keep the said buildings on said land and to use and live in them on said land, the same as she was doing and was being done by her at the time her right thereto was recognized, and fixed by the said Rev. Allen Stevenson in the act heretofore mentioned, for the period of her natural life without prejudice to such rights as Zenon Johnson, his heirs or assigns may have, if any they have, in and to said land.

It is ordered that Evelena Smith pay the cost in the lower court in so far as concerns the action to recover the proceeds of the certificate of benefit insurance, that the plaintiffs pay the cost of the demand in reconvention and the cost of appeal.