T. J. Moss Tie Company, Respondent, vs. Industrial
Commission, Appellant.*

*May 16—June 10, 1947.*

* Motion for rehearing denied, without costs, on September 9, 1947.

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Charles H. Gorman* of Milwaukee, for the respondent.

RECTOR, J. The sole question is whether Fannie Mae Hackard was a dependent of Schofield under the law providing for payment of workmen's compensation benefits. Sec. 102.51 (2), Stats., as effective at the time of Schofield's death and which remains unchanged, provides:

"Who are not. (a) No person shall be considered a dependent unless a member of the family or a spouse, or a divorced spouse who has not remarried, or lineal descendant or ancestor, or brother or sister of the deceased employee."

We have said that blood relationship is not necessary to establish membership in a family under the statute. *Duluth-Superior Milling Co. v. Industrial Comm.* (1937) 226 Wis. 187, 275 N. W. 515, 276 N. W. 300. However, we also said in *Armstrong v. Industrial Comm.* (1915) 161 Wis. 530, 154 N. W. 844, and *Hall v. Industrial Comm.* (1917) 165 Wis. 364, 162 N. W. 312, that such a family relationship implies a legitimate tie and is not created by a man and woman living together not bound by ties of marriage.

Other courts called upon to decide the question hold that a child occupying the status of Fannie is entitled to death benefits under statutes comparable to ours. 154 A. L. R. 698. Their reasoning is well stated in the concurring opinion of Justice OLNEY in *Moore Shipbuilding Corp. v. Industrial Acc. Comm.* (1921) 185 Cal. 200, 196 Pac. 257, 13 A. L. R. 676, 20 N. C. C. A. 676, in which he said that if an unmarried man chose to treat such a child as his own, the fact that the relationship originated in unlawful cohabitation with its mother should not deprive it of the status that it would otherwise enjoy.

We are of another view. If the family relationship contemplated by the statute must consist of legitimate ties, Fannie cannot be considered a member of Schofield's family. Her presence in Schofield's household depended upon the presence of her mother. The tie that brought her into the household and kept her there was the illegitimate tie between her mother and Schofield.

The duty of supporting Fannie is imposed upon her mother. Any payment of benefits in favor of Fannie inures to the benefit of her mother just as surely as though the mother herself received it as a dependent member of Schofield's family. This demonstrates the derivative character of Fannie's relationship to Schofield. In addition, it requires that if, because of her illicit relationship to Schofield, the mother is not permitted to directly receive benefits as a member of his family, she should not be permitted to receive them indirectly by being relieved of the burden of supporting her child.

*By the Court.*—Judgment affirmed.

FRITZ, J., dissents.

The following memorandum was filed September 9, 1947:

RECTOR, J. (*on motion for rehearing*). The motion for rehearing presents a matter that was not argued or considered on the hearing. It is contended that in the event Fannie Mae Hackard is not entitled to the death benefit, Julia Dawson, mother of the deceased, is entitled to receive it under the provisions of sec. 102.48, Stats. The mandate is amended by directing the trial court to remand the record to the Industrial Commission with instructions for such further proceedings as may be necessary to determine the rights of the mother or other claimants to the benefit. So far as the motion reargues the merits, it is denied.

*By the Court.*—Motion denied. The mandate is amended by inserting a direction for further proceedings in conformance with the memorandum.