—————•o•—————

ASENATH SMITH *vs.* CHAUNCEY B. WOODWORTH.

The validity or invalidity of a marriage is to be determined by the *lex loci contractus.*

Where a former marriage has been dissolved on account of the adultery of the husband, he can not contract a valid second marriage during the life of the former wife. (2 *R. S.* 139, § 5.)

To bring a case within this provision of the statute, and render the second marriage void, it is enough that there was a prior marriage, and that the former wife was living at the time of the second marriage.

It is not material that the former marriage should have taken place, or have been dissolved, within this state.

MOTION by the plaintiff for a new trial, on a case and exceptions ordered to be heard at a general term, in the first instance. The action was brought for the recovery of dower. The plaintiff proved that she was married to Clark Smith, at the city of New York, on the 12th day of March, 1834; that Smith afterwards became seised of the premises in question; and that he died before the commencement of this suit. The defendant, by way of defense, proved that the said Clark Smith had, previously to his marriage with the plaintiff, been married to one Jane Houston, at Boston; and that he had been divorced from her on account of his own adultery with some person other than the plaintiff. It was therefore insisted by the defendant's counsel that the marriage between the plaintiff and Clark Smith was

Smith *v.* Woodworth.

utterly void, and that she was not entitled to her dower. The judge thereupon directed a verdict for the defendant, which verdict was rendered accordingly.

*T. Hastings,* for the plaintiff.

*W. F. Cogswell,* for the defendant.

*By the Court,* JAMES C. SMITH, J. The plaintiff claims dower as the widow of Clark Smith, deceased. Smith was married to Jane Houston, in 1823, at Boston, in the state of Massachusetts, and in November, 1833, the marriage was dissolved by a decree of the supreme judicial court of that state, on the ground of his adultery. In March, 1834, his former wife being then living, a marriage ceremony was performed between Smith and the plaintiff, in the city of New York.

The question is whether the latter marriage was void ; and it is to be determined by the laws of this state, according to the general rule that the validity or invalidity of a marriage is to be determined by the *lex loci contractus.* (2 *Kent's Com.* 91.)

Section 5 of the article of the revised statutes, entitled "Of marriage and of the solemnization and proof thereof," is in these words :

"§ 5. No second, or other subsequent marriage, shall be contracted by any person, during the lifetime of any former husband or wife of such person, unless,

1. The marriage with such former husband or wife shall have been annulled or dissolved, for some cause other than the adultery of such person ; or

2. Unless such former husband or wife shall have been finally sentenced to imprisonment for life.

Every marriage contracted in violation of the provisions of this section shall, except in the case provided for in the next section, be absolutely void." (2 *R. S.* 139, § 5.)

The next section, therein referred to, does not affect the question under consideration.

The case is manifestly within the very letter of the section above transcribed, and is not within either of its exceptions.

The plaintiff's counsel insists, however, that the section is applicable only to cases of adultery and divorces in this state. We do not assent to this construction of the statute. It is enough that there was a prior marriage, and that the former wife was living at the time of the second marriage. (1 *Kern.* 233.) It is not material that the former marriage should have taken place, or have been dissolved, within this state. The case is within the meaning as well as the letter of the statute.

The defendant is entitled to judgment on the verdict.

Judgment for the defendant.

[Monroe General Term, June 5, 1865. *Johnson, J. C. Smith* and *E. Darwin Smith,* Justices.]