Nelson v. Nelson, 200 Ill. App. 584.

---

## Amanda Nelson, Appellee, v. Frank P. Nelson, Appellant.

### Gen. No. 6,295.

1. DIVORCE, § 87*—*when temporary alimony properly allowed.* Where, on the hearing of a petition for alimony and suit money pending a suit for separate maintenance, it appeared that a marriage ceremony between the parties had been celebrated, *held* that such allowance was properly granted though the defendant in his answer denied the validity of such marriage.

2. MARRIAGE, § 26*—*what does not constitute prima facie case as to invalidity of marriage between divorced parties.* Proof that parties domiciled in Illinois who, within one year after being divorced from their respective husband and wife, were married in another State, does not amount to making out a prima facie case that such marriage was void, in the absence of proof that the parties contracted the marriage outside the State with the intent to circumvent the Illinois statute prohibiting divorced persons from marrying within one year from the granting of the divorce.

Appeal from the Circuit Court of Henderson county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916. *Certiorari* denied by Supreme Court (making opinion final).

CLIFFORD W. WARNER and HARTZELL & CAVANAGH, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

O'HARRAS, WOOD & WALKER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Amanda Nelson filed a bill of complaint against Frank P. Nelson in the Circuit Court of Henderson county and therein alleged that she was lawfully married to Frank P. Nelson on February 3, 1908, and that she left him on November 3, 1914, and she set up conduct of his which, if true, would entitle her to a separate maintenance, and she asked for that relief. Frank P. Nelson was served with summons. Thereafter Amanda Nelson filed a petition seeking temporary alimony and solicitor's fees and suit money and Frank P. Nelson answered that petition, and there was a hearing, and there was an order allowing her certain sums for her support during the pendency of the suit and for solicitor's fees and for expenses in the preparation of the cause for trial. It is conceded that Frank P. Nelson owns an equity worth about $40,000 in real estate in said Henderson county, and it is not contended that the allowance is excessive. This appeal by Frank P. Nelson is prosecuted on the sole ground that he is not liable to pay any sum whatever for this purpose.

The proofs show that prior to said marriage the parties resided in Henderson or Hancock counties, and that within one year prior to said marriage each of them was divorced from a former husband or wife in this State, and that on February 3, 1908, less than one year after said divorces were obtained by them, they were married to each other in Kirksville, Missouri and that at some time afterwards they returned to this State. The defendant had not yet answered the bill of complaint when this order was made, but in answer to the petition for alimony he asserts that said marriage was void and therefore he is under no

legal obligation to pay any alimony or suit money or attorney's fees. There are conflicting authorities in the different States of the Union on the question whether in such a case there is a liability to pay alimony *pendente lite,* and these authorities pro and con are collected in a note which begins on page 387 of volume 25, L. R. A. (N. S.) The law is fixed for this State by the decision in *Reifschneider v. Reifschneider,* 241 Ill. 92. The discussion of this subject begins on page 98 and on p. 100 it is said: "The marriage ceremony being admitted and only the legality questioned, the court was justified in allowing temporary alimony." This is in harmony with the rule stated in 2 Am. & Eng. Encyc. of Law (2nd Ed.) 104, where it is said: "It is generally held that proof or admission of a marriage *de facto* presents a proper case for the allowance of alimony *pendente lite,* although a marriage *de jure* is denied." The same doctrine is announced in 3 Am. & Eng. Encyc. of Law and Practice 125 (a work the publication of which has been suspended). In 1 Ruling Case Law 900, the general rule is thus stated: "Even though there is considerable dispute as to whether there is a marriage *de jure,* an allowance of temporary alimony may nevertheless be awarded provided one *de facto* is established either by admission or proof." In this case the proof shows a ceremony of marriage at Kirksville, Missouri, by a minister of the gospel. The marriage ceremony is therefore established and only the legality of that ceremony is questioned, and under the above authorities the allowance of alimony was proper. But more than that, it was not shown, even under defendant's theory, that this marriage was invalid. It is not the holding of our courts that every marriage celebrated in a foreign State by persons who have been divorced in this State within one year is void. In *Wilson v. Cook,* 256 Ill. 460, it was held that the intent of the Legislature was that when persons domiciled in this State, and

who are subject to the provisions of the law, leave the State for the purpose of evading those provisions and go through the ceremony of marriage in another State and return to their domicile in this State, such pretended marriage will not be recognized by the courts of this State. There was no allegation or proof that these parties went to Missouri for the purpose of evading the law of this State or for the purpose of marrying and then returning to this State. For aught that appears, it may have been their intention to remain in Missouri and to become citizens of Missouri. They did return at some time, but it is not shown when. They may have lived in Missouri for years after this marriage was celebrated, with no intention then of ever returning to the State of Illinois to live. As defendant was asserting that the marriage celebrated in Missouri was void, it was for him to prove that the purpose of the parties was merely to evade the provisions of our statute and to retain their domicile in this State. It is true that the license issued in Missouri described the parties as residents of this State, but there is no proof that appellee furnished that information to the officer, nor that it was followed by their immediate return to this State. Therefore appellant failed to establish even a prima facie case that the marriage was void. The parties lived together as husband and wife for six years and nine months after this marriage, and there is no proof how much of that time was spent in Illinois, and it ought not to be presumed against this wife that this was an invalid marriage. All of the presumptions are in favor of the validity of the marriage. The order is therefore affirmed.

*Affirmed.*