OWEN, Respondent, vs. OWEN, Appellant.

*October 12—November 8, 1922.*

*Divorce: Remarriage within one year: Penal statutes: Extraterritorial effect: Action to annul marriage: Unfounded charge as cruel and inhuman treatment.* ·

1. By the statutes of this state, courts are required to take judicial notice of the public laws of any state or territory of the United States.

2. A wife, on securing an absolute divorce decree *in præsenti* in Illinois, in which state the remarriage of a divorced person within a year after a divorce decree was a penal offense, married the plaintiff in Michigan the following·day, such marriage not being contrary to the laws or to the public policy of that state.   The marriage is *held* valid in Wisconsin, the Illinois penal statute having no extraterritorial effect.

3. Marriage in Michigan as in Wisconsin is a civil contract, and if valid in the place where it is entered into it is valid everywhere.

4. Bringing an action to annul a marriage and charging in the complaint in effect that the defendant wife had lived in illicit relations with the plaintiff for over twelve years and had never been married to him constitutes cruel and inhuman treatment in this case, entitling the defendant to an absolute divorce, as the plaintiff had no basis in law and less basis in morals for the charge.

APPEAL from a judgment of the circuit court for Racine county: E. C. HIGBEE, Judge. *Reversed, with directions.*

This is an action by the plaintiff for annulment of marriage to the defendant, in which action defendant counterclaimed for affirmance of the marriage and for a divorce.

The plaintiff is a resident of Racine, and was a resident there for several years prior to his marriage to the defendant. He was admitted to practice law in Wisconsin, practiced his profession there for seventeen years, and at one time was district attorney of Racine county. The defendant, prior to her marriage to the plaintiff, was a resident of Chicago, Illinois, and was married to a man by the name of Naracon. On September 29, 1908, the defendant secured a divorce from her husband Naracon in the superior court of Cook county, which was absolute *in præsenti.*

On the 30th day of September, 1908, plaintiff and defendant went to Menominee, Michigan, and were there in form duly married, and shortly thereafter returned to Racine, Wisconsin, where they continued to reside as husband and wife until the commencement of this action.

At the time of the divorce of the defendant in Illinois there was a criminal statute in that state making it a penal offense for a divorced person to marry within one year from the date of the decree.

The laws of the state of Michigan, where plaintiff and defendant were married, are not in evidence in this case. At the time of the marriage of plaintiff and defendant in Michigan the laws of Wisconsin provided that no marriage should be contracted while either of the parties had a husband or wife living (sec. 2330); that it should not be lawful for any person divorced from the bonds of matrimony "by any court of this state" to marry again within one year from the entry of such judgment, and, if so married, the marriage should be null and void (ch. 456, Laws 1905); the circuit court has jurisdiction to affirm or annul a marriage (sec. 2348); all marriages prohibited by law on ac-

count of either party having a former husband or wife then living, "if solemnized within this state," were absolutely void (sec. 2349); an action might be commenced to annul a marriage supposed to be void for any of the causes mentioned in secs. 2349 and 2350; or either party might bring an action to affirm the same (sec. 2352), Stats. 1898.

The plaintiff became enamored of the defendant some time prior to her divorce and urged her to secure a divorce and marry him. He was in Chicago at the time the decree of divorce was entered, visiting the defendant, and secured a copy of the decree and took it to defendant's residence and presented it to her. He thereupon urged her to go immediately to Menominee, Michigan, and there be married. Both parties knew of the penal laws of the state of Illinois prohibiting the defendant's marriage within a year in that state. The plaintiff, however, assured the defendant that they might be legally married in the state of Michigan as long as it was their intention not to return to the state of Illinois. He said that he had looked up the law and that he was certain that such a marriage would be valid.

The parties stopped at a hotel in Menominee as husband and wife for three or four days after the marriage and then proceeded to Racine, where they took up their residence. The plaintiff introduced the defendant as his wife to his friends and acquaintances, and thereafter always held her out to the public as his wife. About a year after the marriage some newspaper item with reference to the status of divorced parties under the Illinois law came to the defendant's attention, and she talked the matter over with the plaintiff and suggested that it might be better to have another ceremony. Plaintiff assured the defendant that it was wholly unnecessary; that she was his wife then, and that he did not want to have any further notoriety about it. Several times thereafter similar conversations were had when other newspaper accounts were brought to their attention. The plaintiff claimed that the law of

Illinois did not affect their relation because they had never returned to Illinois to live.

During the year prior to the commencement of this action the parties had taken up a temporary abode at St. Petersburg, Florida. Later the plaintiff returned to Racine, leaving the defendant at St. Petersburg with his sister, who was ill. While plaintiff was at Racine and defendant at St. Petersburg plaintiff wrote her numerous letters, addressing her as *Mrs. Owen,* and couched in the ordinary affectionate terms of husband and wife. The plaintiff is a man sixty-one years of age, having property worth about $65,000, and the defendant is a woman fifty-one years of age, having about $1,000 at the commencement of this action.

The court found the foregoing facts in substance, and held that the parties were not legally married and were not husband and wife, and entered a decree in favor of the plaintiff annulling the marriage. From such decree the defendant appeals.

The defendant assigns as errors the judgment declaring the marriage null and void; the judgment denying defendant affirmance of said marriage; and denying defendant judgment for divorce from the plaintiff and division of the property.

For the appellant there was a brief by *Thompson, Myers & Kearney* of Racine, and oral argument by *P. M. Myers* and *W. D. Thompson.*

For the respondent there was a brief by *Henry G. Smieding,* attorney, and *Fulton Thompson,* of counsel, and oral argument by *John H. Liegler,* all of Racine.

CROWNHART, J. The plaintiff and defendant entered into a ceremonial marriage at Menominee, Michigan, in September, 1908, in good faith believing that such marriage was lawful. The plaintiff was a lawyer and assured the defendant that such marriage was unquestionable, and

the defendant relied upon such assurances of the plaintiff. The trial court so found.

We are required by the statutes of this state to take judicial notice of the public laws of any state or territory of the United States. Sec. 4135m. Referring to the Statutes of Michigan in effect for the year 1908, we find that there was no impediment in the laws of that state to the marriage of the plaintiff and defendant there solemnized. 3 Compiled Laws of Mich. 1897, sec. 8658; 4 How. Stats. sec. 11495. Nor was such marriage there contrary to the public policy of the state of Michigan. In *People v. Steere,* 184 Mich. 556, 562, 151 N. W. 617, the supreme court there say:

"Whatever public policy is evidenced by the Michigan law, it is directed rather to the controlling of the party guilty of marital wrongs than, generally, at parties to a divorce proceeding. There appears to be no rule of state comity which requires the courts of this state to recognize and to enforce here the prohibition of the Illinois law, and no such rule is suggested."

In that case the court had under consideration a divorce wherein by the decree itself, rendered in the state of Illinois, the parties were prohibited from remarrying within one year.

This court has held:

"A statute of a state, prohibiting a married person who has committed adultery and been divorced therefor from remarrying, has no extraterritorial force, and hence cannot prevent such person from lawfully remarrying in some other state, although it may subject him to punishment in the former state." *Frame v. Thormann,* 102 Wis. 653, 672, 79 N. W. 39.

But this court has also held that where parties are prohibited from marrying in the state of their domicile, and they leave such state for the purpose of evading the laws of the state of their domicile, are married in a sister state, return

to the state of their domicile, and live there, contrary to the laws of such state, in illicit cohabitation, it will give effect to the laws of such state where the parties thereafter remove to this state. *Lanham v. Lanham,* 136 Wis. 360, 117 N. W. 787; *Hall v. Industrial Comm.* 165 Wis. 364, 162 N. W. 312, and cases there cited. In *Armstrong v. Industrial Comm.* 161 Wis. 530, 154 N. W. 844, the question was not in issue. It was conceded that the attempted marriage of the parties was void, and the only question before the court was as to whether the claimant was a member of the family of deceased.

ᐯ The case before us, however, is not such a case. Here the decree of divorce in Illinois was absolute *in præsenti.* The defendant was no longer a married woman. She could not remarry within the state of Illinois within a year without violating a penal statute of that state, but such penal statute had no extraterritorial effect. The defendant left the state of Illinois to become a citizen of Wisconsin, and at the time of her marriage to the plaintiff she was no longer a citizen of Illinois. Plaintiff and defendant, as we have seen, were validly married in the state of Michigan. Marriage in Michigan, as it is in Wisconsin, is a civil contract, and it is a general rule that a civil contract valid where made is valid everywhere. Hence such marriage in Michigan is held to be valid in Wisconsin. We find no case in Wisconsin where it has been held that the laws of a sister state shall have extraterritorial jurisdiction over parties who have abandoned their residence in such state prior to the marriage in another state, pursuant to the laws of such other state.

We hold, therefore, that the plaintiff and defendant were lawfully married in Menominee, Michigan, on the 30th day of September, 1908; that they continued to live together as husband and wife thereafter until the commencement of this action; and that the defendant was entitled to a decree on her counterclaim, affirming such marriage.

The trial court found "that there is no evidence in the

case which, in the judgment of the court, would warrant the court in making a finding that there was any cruel or inhuman treatment practiced by either of the parties towards the other." That finding was made in the light of the court's interpretation of the law that such marriage was void, which we hold was erroneous. The court therefore did not and could not take into consideration a material fact in the case. The plaintiff, by his complaint, defamed the defendant in her good name and reputation; he charged, in effect, that she had lived in illicit relations with him during all the years of their marriage and that she had never been in fact married to him. This, in view of all the circumstances of the case, was an act of extreme cruelty, for which he had no basis in law and less basis in morals. See *Schoen v. Schoen,* 175 Wis. 20, 183 N. W. 876.

*By the Court.*—The judgment is reversed, and the cause is remanded to the trial court with directions to affirm the marriage at Menominee, Michigan, between the plaintiff and defendant, and to grant the defendant an absolute decree of divorce on her counterclaim, the trial court to make a proper division of the property.