Ralph Mosholder, Plaintiff in Error, vs. The Industrial Commission et al.—(Hannah Wilcox, Defendant in Error.)

*Opinion filed February 24, 1928—Rehearing denied April 16, 1928.*

1. Workmen's compensation—*when a claimant fails to establish lawful marriage with employee.* A claimant seeking compensation for the death of an employee on the ground of dependency as widow, fails to establish a lawful marriage with the employee where the record shows that the ceremony was performed in Illinois before the expiration of a year from the time the employee was divorced from a former wife in Wisconsin for willful desertion by him, and while section 1a of the Divorce act, prohibiting such marriage in Illinois, was in force.

2. Divorce—*what marriage is not legalized by act of 1923.* Section 2 of the act of 1923, legalizing certain marriages which were contracted in violation of section 1a of the Divorce act while such section was in force, applies only to marriages "otherwise legal," and not to one contracted before a foreign decree of divorce as to one of the parties had become final.

Writ of Error to the Circuit Court of Kane county; the Hon. John K. Newhall, Judge, presiding.

Joseph H. Hinshaw, for plaintiff in error.

Mighell, Gunsul & Allen, for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This cause is here by a writ of error awarded by this court at the October, 1927, term to review the judgment of the circuit court of Kane county awarding to defendant in error, Hannah Wilcox, compensation under the Workmen's Compensation act. William Wilcox was employed by plaintiff in error and on February 14, 1924, received an injury which arose out of and in the course of his employment, from which injury he died on February 29 following. Defendant in error, claiming to be the widow and sole de-

329—32

pendent of the deceased, filed an application for adjustment of claim for compensation with the Industrial Commission. The only question involved in this record was that of the dependency of defendant in error. All other matters were stipulated.

The concrete question involved is whether Hannah Wilcox, at the time of the accident and death of William Wilcox, was his lawful wife. The evidence shows that she married him in Wisconsin on May 11, 1890, that they were divorced on April 11, 1896, and that on September 18, 1896, he married a woman known in this record as Mary Wilcox. On June 21, 1922, Mary Wilcox procured a divorce from Wilcox in Milwaukee, Wisconsin. On October 2, 1922, defendant in error re-married Wilcox in Illinois. There is no question as to her good faith in this marriage. The statutes of Wisconsin prevented the marriage of divorced parties within one year after the date of the decree, and in the proceedings for divorce of Mary Wilcox from William Wilcox the decree provided as follows: "That the bonds of matrimony heretofore subsisting between the plaintiff, Mary Wilcox, and the defendant, William Wilcox, be and the same are hereby wholly dissolved and they are forever freed from the obligations thereof, provided that this judgment, so far as it determines status of the parties, shall not be effective, except for the purpose of an appeal to review the same, until the expiration of one year from the date of the entry of same. It is further adjudged and decreed that neither of the parties to this action shall marry again until one year after this judgment is entered, and the marriage of either of the parties to this action solemnized before the expiration of one year from the date of the entry hereof shall be null and void."

It is contended by defendant in error that while the Wisconsin court had jurisdiction of the parties and the subject matter in Mary's divorce proceeding against William for the purpose of dissolving the marriage relation, juris-

diction of his person was procured by publication, and that the court did not, therefore, have power to place a limitation upon his re-marriage, and that when defendant in error, in less than one year after the date of the decree granted to Mary, re-married William in Illinois that marriage was valid and binding in this State, and the circuit court so held. Much learning and argument are devoted to the question whether the decree of the Wisconsin court was binding on William in Illinois. Under the Wisconsin statute, where the divorce against William was granted, the decree did not become effective until one year from the date of the entry thereof. The Wisconsin Supreme Court construes that statute to mean, that until at least a year had gone by from the entry of the decree the parties thereto were still bound by the marital tie. (*White* v. *White,* 167 Wis. 615; *Hiller* v. *Johnson,* 162 id. 19.) The Wisconsin court had jurisdiction of the subject matter of the divorce proceeding when the decree was entered. Under the Wisconsin statute the marriage relation stood undissolved for one year following the date of the decree. William, therefore, could not again marry anywhere until this divorce became absolute. Counsel apparently have overlooked the fact, however, that there was in force in this State on October 2, 1922, when defendant in error last attempted to marry William, a statute similar to that in the State of Wisconsin, and that the Illinois statute had been more than once construed by this court. The act entitled "An act to revise the law in relation to divorce, approved March 10, 1874, in force July 1, 1874," was amended in 1905 by adding thereto section 1*a*. (Laws of 1905, p. 194.) Section 1*a* provided that in every case in which a divorce has been granted in this State for any of the several causes contained in section 1 of the act, neither party shall marry again within one year from the time the decree was granted, provided, also, that in cases where the cause for divorce is adultery, the person decreed guilty thereof shall not marry for a term

of two years from the time the decree was granted. The ground for relief set out in the divorce proceedings instituted by Mary Wilcox in Milwaukee was that of willful desertion and abandonment on and after April 18, 1897. This is one of the grounds for divorce in section 1 of the act in relation to divorce in Illinois as enacted in 1845. That provision has remained in section 1 of the Divorce act from that time to the present. (Cahill's Stat. 1925, p. 970.) Section 1a was repealed in 1923 by section 1 of an act entitled "An act to repeal section 1a of 'An act to revise the law in relation to divorce,' approved March 10, 1874, in force July 1, 1874, as amended," etc., approved June 30, 1923. (Laws of 1923, p. 327.) It follows, therefore, that under the laws of this State on October 2, 1922, when the marriage ceremony was last performed between Hannah and William Wilcox, the courts of this State would not recognize as valid an attempted marriage of one who was defendant in a divorce proceeding in the State of Wisconsin, where such attempted marriage took place within one year from the date of the decree for divorce. (*Stevens* v. *Stevens,* 304 Ill. 297; *Wilson* v. *Cook,* 256 id. 460.) The provision of section 2 of the act of 1923 (Smith's Stat. 1927, chap. 40, sec. 2,) legalizing marriages performed in Illinois during the period in which the Illinois statute prohibited marriage within one year from the date of the decree, provided that "said marriages so contracted in violation of said section 1a, if otherwise legal, are hereby validated," etc. It is apparent, since the marriage to Wilcox was not "otherwise legal," that the statute of validation has no application. We repeat that the evidence in this case shows this attempted marriage of defendant in error with William Wilcox to have been in good faith on her part, but the fact, however, remains that under the laws of this State such a marriage was not recognized at the time it was attempted to be entered into. There is no evidence of a subsequent marriage between defendant in error and the deceased. She there-

fore was not his wife, and the circuit court erred in confirming the award to her.

Tht judgment of the circuit court is reversed and the award set aside.

*Judgment reversed and award set aside.*

---

(18649.—Reversed and remanded.)