FITZGERALD, Appellant, vs. FITZGERALD, Respondent.

*January 12—February 7, 1933.*

For the appellant there were briefs by *Raymond J. Cannon*, attorney, and *John L. Newman* of counsel, both of Milwaukee, and oral argument by *Mr. Newman*.

For the respondent there was a brief by *Kersten & McKinnon* of Milwaukee, and oral argument by *Charles J. Kersten* and *Arlo A. McKinnon*.

ROSENBERRY, C. J.   It is conceded that the marriage of the plaintiff and defendant at Gary, Indiana, in November, 1920, was a valid marriage according to the laws of the state

of Indiana. We shall assume that to be the fact without further discussion.

It is to be noted that the plaintiff and the defendant married before the expiration of one year from the date of the decree of divorce in Illinois. At that time, ch. 40, sec. 1a, Smith-Hurd Illinois Ann. Stats., was in force, which prohibited either of the parties from marrying any person other than the opposite party for the period of one year from the time the decree was granted, "and every person marrying contrary to the provisions of this section shall be punished by imprisonment in the penitentiary for not less than one year, nor more than three years, and said marriage shall be held absolutely void."

Sec. 1a, ch. 40, was repealed by (Laws 1923, p. 327) ch. 40, Smith-Hurd Illinois Ann. Stats., in force July 1, 1923. The repealing act also validates all marriages contracted in violation of sec. 1a if otherwise legal and vested property rights are not affected.

It is apparent that if the parties to this action had taken up their residence in the state of Illinois at or after the passage of the repealing and validating act in 1923, the marriage would have been held valid in Illinois. While the courts of Illinois have held that where citizens of the state of Illinois while temporarily in a foreign jurisdiction are there married, the state of Illinois has power to declare that such marriage contracted in violation of the law of the state of their domicile will not be recognized (*Wilson v. Cook*, 256 Ill. 460, 100 N. E. 222), it is nevertheless held that where persons who have obtained an Illinois decree and thereafter abandoned their Illinois residence and married and reside elsewhere, the laws of Illinois have no extraterritorial effect and such a marriage is valid. *Lehmann v. Lehmann*, 225 Ill. App. 513; *Nelson v. Nelson*, 200 Ill. App. 584.

It is to be noted that the defendant in this case was not at the time of the rendition of the decree of divorce from her first husband or thereafter at any time a resident of the

state of Illinois. From the date of that decree if not before (see Restatement of Conflict of Laws, sec. 30) she was domiciled in the state of Wisconsin, so that by the law of the state of Illinois, whether the defendant was a resident of Illinois and abandoned her residence in Illinois, or was domiciled in Wisconsin, she was validly divorced and could contract a valid marriage in the state of Indiana.

However, it is argued that being a resident of the state of Wisconsin and there domiciled in November, 1920, the marriage is void for the reason that it is contrary to the public policy of this state. The laws of Wisconsin (sec. 245.03) make it unlawful for any person who is a party to an action of divorce from the bonds of matrimony in any court in this state, to marry again until one year after the judgment of divorce is entered.

By sec. 245.04 (1), Stats., it is provided:

"If any person residing and intending to continue to reside in this state who is disabled or prohibited from contracting marriage under the laws of this state shall go into another state or country and there contract a marriage prohibited and declared void by the laws of this state, such marriage shall be null and void for all purposes in this state with the same effect as though such prohibited marriage had been entered into in this state."

It is to be noted that the prohibition in sec. 245.03 is against the marriage of a party to an action for divorce *in any court in this state*. The defendant was not divorced by the decree of any court in this state but by a decree of the court of the sister state of Illinois. If it had been the intention of the legislature, in the modification of the existing rules of law relating to the validity of marriages in other jurisdictions, to extend the public policy of the state to the point of declaring void marriages contracted in violation of the law of other states, it would undoubtedly have said so. If such a restriction were valid as to citizens of this state, it is apparent that it might so operate as to do injustice. No

doubt the legislature restricted the language of the statute so as to make it applicable to persons only who· were divorced in the courts of this state.

However, at the time the decree of divorce ·was entered by the court of the state of Illinois. and at the time the defendant contracted the Indiana marriage in 1920, there was in force in this state sec. 2330*m*, sub. 2, which provided that no marriage should be contracted in this state by a party residing and intending to continue to reside in another state or jurisdiction, if such marriage would be void if contracted in such other state or jurisdiction, and the statute declared every violation of the statute to be null and void.

It must be noted, however, that at the time of her marriage in Indiana in 1920 the defendant was not a resident of the state of Illinois and did not intend to reside there. In this respect this case is widely different than the case of *Hall v. Industrial Comm.* 165 Wis. 364, 162 N. W. 312, which is cited in support of plaintiff's position. In the *Hall Case* the decree contained the provision, "but neither party shall marry again within the time forbidden by statute unless they remarry each other."

·It was found as a fact that the plaintiff and the person with whom she contracted the Indiana marriage were at the time both residents of Chicago, Illinois; that within two months after their marriage they returned to the city of Chicago and resided there for nearly two years until May 1, 1914, then went to Barron, Wisconsin, where the husband was killed on November 2, 1914. In the *Hall Case* the court recognized that in holding the marriage void it was going a step further than any previous case had gone, but was of the opinion that it was a step in the right direction. The court said:

"The Illinois court had jurisdiction of plaintiff's person and it was competent for it to fix and declare her status. Such status so declared being founded upon grounds of

sound public policy should be respected by at least all sister states having the same or similar laws."

As we have already seen, neither the plaintiff nor the defendant was a resident of the state of Illinois at the time of the Indiana marriage, and the Illinois statute had no extraterritorial effect. While it had no extraterritorial effect, if we were to hold that it had, we should be obliged to take with it the validating statute and the marriage would have been valid in the state of Illinois at any time after the validating act was in effect. *Twigger v. Twigger,* 100 Oreg. 520, 223 Pac. 934; *Abramson v. Abramson,* 49 Fed. (2d) 501.

This case is ruled by *Owen v. Owen,* 178 Wis. 609, 190 N. W. 363. On behalf of the plaintiff it is argued, however, that the decision in *Owen v. Owen* is out of harmony with the earlier decisions of this court and also contrary to the public policy for which this state became famous and that it in effect overrules the *Hall Case.* It is considered that *Owen v. Owen* is not out of harmony with the prior decisions of this court, all of which are cited and referred to in the opinion in that case. The difficulty with argument of counsel is that it assumes that the defendant was in some way subject to the laws of Illinois in November, 1920. She was after 1918 a resident of this state, and after her divorce from Beverung in June, 1920, was domiciled in the state of Wisconsin. It is not necessary in this case to determine whether, being guilty of desertion, she could acquire a domicile apart from her husband. Upon that question there is a division of authority. See note 75 A. L. R. 1254.

Another material variance between *Owen v. Owen* and *Hall v. Industrial Comm.* is the fact that the decree in the *Hall Case* by its terms prohibited remarriage within a year. In that case both parties were residents of Illinois and returned to Illinois and resided there for nearly two years. Here neither of the parties to this action at the time of the

divorce resided in Illinois nor resided in that state at any time thereafter, and, as already pointed out, at the time of the commencement of this action and of the action brought by the defendant against the plaintiff in 1929 the marriage in the state of Illinois itself would be valid if both the parties to this action were domiciled there. *Owen v. Owen* is a carefully considered case and in accord with the great weight of authority. (See Restatement of Conflict of Laws, secs. 135–137 and comment.)

*By the Court.*—Judgment affirmed.