**Ex parte SOUCEK.**
**No. 6777.**

Circuit Court of Appeals, Seventh Circuit.
Jan. 30, 1939.

Charles L. Mullen, of Milwaukee, Wis., for appellant.

Carl R. Becker and B. J. Husting, both of Milwaukee, Wis., for appellee.

Before EVANS, TREANOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from an order of the District Court dismissing a writ of habeas corpus and remanding appellant to the custody of the Immigration and Naturalization Service of the Department of Labor.

Anna Soucek was born in Vienna, Austria. In 1929 she applied to the American Consul at Vienna for a visa to the United States and was informed that the quota was filled for possibly five years. She advised Mary Waltz, her sister, residing with her husband, Albert Waltz, a naturalized American citizen, at West Allis, Wisconsin, of that fact, who replied that she and her husband would provide a way that would enable her to come into the United States; that she would divorce her husband, appellant could marry him, and in that way gain admission. On April 10, 1929, Albert Waltz sent her a steamship ticket enabling her to depart from Hamburg, Germany, for Quebec, Canada, where she arrived on July 19, 1930, proceeding by train to Kenaston, Canada, where she met Waltz the day after her arrival.

February 25, 1930, Mary Waltz obtained a decree of divorce from Albert Waltz in the Circuit Court of Milwaukee County, Wisconsin. The decree provided that the marriage existing between Albert and Mary Waltz would not be dissolved until the expiration of one year from the date of the entry of the decree and prohibited the mar-

riage of either of said parties within that year.

Upon his arrival at Kenaston, Canada, Albert Waltz informed appellant that Mary Waltz had divorced him. Appellant knew at that time that Albert and Mary were living together as husband and wife and that the decree had been obtained by agreement between them. On July 26, 1930, appellant and Albert Waltz, at Kenaston, Canada, went through a marriage ceremony before a clergyman, but never lived together as husband and wife. Following the ceremony, Waltz left for his home at West Allis, Wisconsin, appellant remaining at Kenaston for about two months. During this period Mary Waltz visited appellant on two occasions.

On October 7, 1930, Waltz made application for the issuance of a non-quota immigration visa to permit appellant to enter the United States as the wife of an American citizen and a non-quota immigration visa was issued to her as the wife of Albert Waltz, upon which she entered the United States on December 29, 1930.

Waltz maintained his domicile at West Allis, Wisconsin. He was never separated from Mary Waltz and on May 21, 1931, he commenced a divorce proceeding against appellant in which he charged cruel and inhuman treatment; appellant made no answer and Waltz obtained a decree on July 28, 1931, and on August 14, 1931, he remarried Mary Waltz.

Upon this state of the record, the Immigration and Naturalization Service on March 4, 1938 found that appellant was not lawfully the wife of Albert Waltz and was not entitled to a non-quota immigration visa as such, but was in fact a quota immigrant, and that she obtained her visa by fraud, and, on the basis of these findings, she was ordered deported.

The first question that presents itself is whether or not the marriage between the appellant and Albert Waltz was valid. Appellant says that the marriage between her and Waltz was valid in Canada where it was celebrated, and, in support of her contention, cites Cosulich Societa Triestina Di Navigazione v. Elting, 2 Cir., 66 F.2d 534; Ex parte Suzahna, D.C., 295 F. 713; and Hughes v. Tropello, 3 Cir., 296 F. 306. After an examination of these cases, we are of the opinion that they are not applicable to the facts in the instant case, nor do we believe that Owen v. Owen, 178 Wis. 609, 190 N.W. 363, 32 A.L.R. 1100; Fitzgerald v. Fitzgerald, 210 Wis. 543, 246 N.W. 680; and In re Ommang's Estate, 183 Minn. 92, 235 N.W. 529, are in point.

It is, undoubtedly, the general rule of law that a marriage valid where it is celebrated is valid everywhere, but there is a well-recognized exception, viz., where the marriage is declared by positive law to have no validity. The marriage of the appellant was within one year from the time the decree of divorce was granted to Mary Waltz. By the laws of Wisconsin, a decree of divorce is not effective until the expiration of one year from the date of the granting of such decree,[1] and if a party to an action for divorce marries before the expiration of one year from the date of the granting of the divorce, such marriage is null and void,[2] and such person cannot evade the force of these laws by marrying in another state or country.[3]

In White v. White, 167 Wis. 615, 168 N.W. 704, the court declared that it was unlawful for either party to a divorce action to marry again during the year and, until at least a year had gone by from the entry of the judgment, the parties were still bound by the marital tie and that any such attempted subsequent marriage was null and void. See Lanham v. Lanham, 136 Wis. 360, 117 N.W. 787, 17 L.R.A.,N.S., 804, 128 Am.St.Rep. 1085.

It was urged that the Circuit Court of Milwaukee County, in granting a decree of divorce to Albert Waltz from appellant, decided that their marriage in Canada was valid and that the decree is res adjudicata on the subject of that marriage. We find no merit in this contention for the reason that the validity of that marriage was not determined in that divorce suit. Williams v. Williams, 63 Wis. 58, 72, 23 N.W. 110, 53 Am.Rep. 253; Case v. Hoffman, 100 Wis. 314, 330, 72 N.W. 390, 74 N.W. 220, 75 N.W. 945, 44 L.R.A. 728.

It is also urged that the Immigration and Naturalization Service had no right to examine into the facts concerning the issuance of a visa to appellant. An examination of Sections 202(g), 208, 209(f), 213(a), and 223, Title 8, U.S.C.A., as amended, convinces us to the contrary. These statutes clearly show that a non-quota visa does not vest in the immigrant an absolute right to

---

[1] Sec. 247.37, Stats. of Wisconsin.
[2] Sec. 245.03 (2), Stats. of Wisconsin.
[3] Sec. 245.04 (1), Stats. of Wisconsin.

enter into the United States and the visa issued to the appellant did not give her an absolute permission to enter. It was issued to her on condition that she was the wife of Waltz.

She next contends that she was not guilty of fraud; that no fact was concealed by her; that Waltz furnished the information demanded in the application for the visa and that she took no part in the execution or submission of the same. Nothing in Section 214, Title 8, U.S.C.A., requires a finding of fraud. It merely requires a finding that the immigrant was not entitled to enter the United States under the Immigration Act of 1924, 8 U.S.C.A. §§ 145, 146, 166, 167, 179, 201 et seq. The facts set forth earlier in this opinion convince us that the immigration tribunal was justified in finding that the visa was secured by fraud and justified the order of deportation.

It is finally contended that Section 155, Title 8, U.S.C.A., limits the period to five years within which appellant was liable to deportation. Section 214, Title 8, U.S. C.A., is the controlling section and it provides that the alien may be deported at any time after an illegal entry.

The judgment of the District Court is affirmed.

