MATTER OF SALVADOR-FUENTES

In Visa Petition Proceedings

A-14480072

*Decided by Board May 5, 1967*

Where a divorce decree obtained by petitioner in Mexico on June 7, 1966, terminating his prior marriage contained a restriction prohibiting remarriage within one year from the date thereof, such restrictive clause has no extraterritorial effect under the law of Illinois so as to affect the validity of a subsequent marriage of petitioner in that State within the prohibited period; consequently, petitioner's remarriage to beneficiary in Illinois on June 28, 1966, within the prohibited period, is a valid marriage for immigration purposes and serves to confer preference quota classification on beneficiary.

ON BEHALF OF PETITIONER: Mary L. Sfasciotti, Esquire
Immigrants' Service League
608 S. Dearborn Street
Chicago, Illinois 60605
(Brief filed)

The case comes forward on appeal from the order of the District Director, Chicago District, dated August 3, 1966 denying the visa petition for the reasons that in order for the petitioner to be eligible to file a visa petition on behalf of his alien spouse, he must be legally married; the marriage certificate presented shows the marriage on June 28, 1966 in Chicago, Illinois; the divorce decree terminating the prior marriage was granted on June 7, 1966 with the stipulation that the petitioner could not contract marriage until one year had passed from that date; the petitioner has failed to establish that he is legally married to the beneficiary.

The petitioner, a native of Mexico, a lawful permanent resident of the United States since April 18, 1955, 39 years old, seeks preference quota status on behalf of the beneficiary as his wife. The beneficiary is a native and citizen of Iraq, 27 years old. The petitioner had been married once previously.

The file does not contain the documents relating to marriage and divorce although the District Director was requested to forward all the

evidence upon which the decision had been rendered. Accordingly, reliance will be placed upon the facts set forth in brief of counsel.

The brief sets forth that the visa petition showed an original marriage date of August 11, 1965 in Chicago, Illinois. The petitioner was requested to submit evidence of the termination of his prior marriage in Mexico in 1956 but an exhaustive five-month search revealed that no divorce was registered. Thereupon the petitioner went to Mexico and procured a Mexican divorce on June 7, 1966 and remarried his second wife in a civil ceremony in Chicago, Illinois on June 28, 1966.

The Mexican divorce decree contained a restriction stipulated in Article 289 of the Mexican Civil Code to the effect that neither of the parties can contract marriage until one year has passed from the date of the divorce. Inasmuch as the Mexican divorce was secured June 7, 1966 and their remarriage occurred on June 28, 1966, the fact that the remarriage had occurred in the same month that the divorce had been granted was the basis for the denial of the visa petition by the District Director. The brief of counsel takes issue with this determination.

It is noted that the remarriage occurred not in Mexico, where the divorce was obtained, but in Chicago, Illinois. The prohibitory and punitive provisions restricting remarriages contained in Illinois Laws 1905, p. 194, section 1a were repealed by the amendment of 1923, Laws 1923, p. 327. Sections 1-2 (Smith-Hurd Illinois Annotated Statutes, ch. 40, sections 1-2).

The rule regarding the validity of remarriages subsequent to a foreign divorce decree prohibiting remarriage within a specified period is not uniform. It has been held that a statute prohibiting remarriage has no extraterritorial effect. It is a rule in some jurisdictions that the provision of a foreign divorce prohibiting remarriage for a specified period does not defer the date of the termination of the prior marriage and does not render the subsequent marriage during the proscribed period invalid.[1] The validity of a marriage is governed by the law of the place of celebration.[2]

It therefore becomes necessary to look to the case law obtaining in the state of illinois. We find the case of *Criss* v. *Industrial Commission*, 348 Ill. 75, 180 N.E. 572, cited by counsel, completely applicable in this situation. The *Criss* case involved a divorce obtained in Alabama which contained a prohibition against remarriage for a period of 60 days and the subsequent remarriage occurred in Chicago, Illinois within this 60-day period. The court held that unless the Alabama statute was clearly intended to apply to marriages contracted outside the state of Alabama, the statute must be construed to apply only to marriages

---

[1] 27 C.J.S. section 369.

[2] *Matter of P—*, 4 I. & N. Dec. 610.

within that state. By the weight of authority in this country, statutes prohibiting the remarriage of a divorced person for a period after the divorce have no extraterritorial effect unless by express terms or necessary implication, such effect must be given them and they do not operate to prohibit marriage in another state.[3]

There is no express provision in the Alabama statute that any marriage contracted in violation of such marriage shall be void, and there are no express terms of the statute and no necessary implication from the words used that lead to the conclusion that it was intended that the provision against remarriage shall have the effect of making the parties to the divorce decree incapacitated from contracting a valid marriage outside the state of Alabama. The court in the *Criss* case distinguished the case of *Mosholder* v. *Industrial Commission*, 329 Ill. 497, 160 N.E. 835, where the decree of divorce obtained in Wisconsin contained a provision that the judgment should not be effective until after a year. In that case it was held that the Wisconsin decree did not operate as a dissolution of the marriage until after a year from the date of its entry. (In other words, the decree of divorce was interlocutory and not final.) The Alabama decree on the other hand purports to be a decree in praesenti. The court held that the marriage in Illinois within the restrictive period contained in the Alabama divorce decree was valid.

In visa petition proceedings the burden of proof is upon the petitioner to establish eligibility for the benefit he seeks under the immigration laws. The petitioner's prior marriage was terminated by a foreign (Mexican) divorce decree with a restrictive clause. The subsequent marriage was celebrated in the state of Illinois. Under Illinois precedent, the prohibitory or restrictive clause in the Mexican decree has no extraterritorial effect. There is no express provision in the Mexican statute that a subsequent marriage in violation of such divorce shall be void or renders the parties incapable of contracting a valid marriage outside Mexico. On its face, the Mexican divorce decree was final. It is concluded that petitioner has borne the burden of establishing that the Illinois marriage subsequent to the Mexican divorce was valid. The appeal will be sustained.

**ORDER:** It is ordered that the appeal be sustained and that the visa petition be approved for preference quota status.

[3] Citing *Commonwealth* v. *Lane*, 113 Mass. 458; *Van Voorhis* v. *Brintnall*, 86 N.Y.S. 18; *State* v. *Shattuck*, 69 Vt. 403; *Dudley* v. *Dudley*, 151 Iowa 142, 130 N.W. 758; *Griswold* v. *Griswold*, 23 Cal. App. 365, 136 P. 312; 19 C.J. 183.