

# THE ATTORNEY GENERAL
## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

January 4, 1971

Honorable Ned Granger
County Attorney
Travis County Courthouse
Austin, Texas

Opinion No. M- 768

Re: Applicability of the six-
month waiting provision of
Section 3.66 of the Texas
Family Code to a person
seeking to obtain a Texas
marriage license within
six months after his
divorce in another state.

Dear Mr. Granger:

Your recent letter requesting the opinion of this
office concerning the referenced matter states, in part, as
follows:

"If a husband and wife obtain a divorce in
another state which does not have the six-month
waiting period similar to the one in Section 3.66
of the Texas Family Code, may a county clerk's
office in a Texas county properly issue a marriage
license to one of the parties who moves into Texas
prior to the expiration of the six-month waiting
period required by the Texas statute?"

In our answer to your question, we assume that the
out-of-state divorced party seeking a Texas marriage license
has received neither the waiver of the six-month remarriage
prohibition of Section 3.66 of the Texas Family Code that is
provided in that Section, nor a waiver by the county judge,
pursuant to Section 1.05 of the Code, of the necessity of fur-
nishing information to a county clerk concerning prior divorces
(cf. Attorney General's Opinion No. M-604 (1970)).

Section 3.66 of the Texas Family Code provides as
follows:

"Neither party to a divorce may marry a
third party for a period of six months immediately

-3746-

following the date the divorce is decreed, but the parties divorced may marry each other at any time. <u>The court granting the divorce</u>, for good cause shown, <u>may</u> at the time of the divorce decree or thereafter <u>waive the prohibition of this section</u> as to either or both parties." (Emphasis added.)

While the issue posed by your question is one of first impression in this State, the applicable law has been stated as follows:

"Sometimes a remarriage in one state following a divorce obtained in another state is attacked on the ground that the law of the marrying state, or of some third state, contained a prohibition against remarriage that should be applied, regardless of whether the divorcing state had such a prohibition. <u>Courts considering this question have generally concluded that statutory prohibitions against remarriage after divorce are limited to divorces granted within the state having such prohibition, and will not be applied to persons divorced in other states, although there is some authority to the contrary</u>." 52 Am.Jur.2d 942, Marriage, Sec. 91. (Emphasis added.)

See, also, 27A Corpus Juris Secundum 770-71, Divorce, Sec. 182.

The majority view, that statutory prohibitions against remarriage after divorce are limited to divorces granted by the state having such prohibition, is supported by the following authorities:  In Re <u>Kinkead's Estate</u>, 57 N.W.2d 628 (Minn. Sup. 1953); In Re <u>Donlay's Estate</u>, 111 N.Y.Supp.2d 253, (N.Y. App. Div. 1952); <u>Lembcke v. United States</u>, 181 F.2d 703 (2nd Cir. 1950); <u>Pickard v. Pickard</u>, 45 N.W.2d 269 ( Iowa Sup. 1950); <u>Fitzgerald v. Fitzgerald</u>, 246 N.W. 680 (Wisc. Sup. 1933); <u>Smith v. Goldsmith</u>, 134 So. 651 (Ala. Sup. 1931); <u>Reger v. Reger</u>, 293 S.W. 414 (Mo. Sup. 1927); <u>Sparks v. Sparks</u>, 284 S.W. 1111 (Ky. Sup. 1926); <u>Farrell v. Farrell</u>, 181 N.W. 12 (Iowa Sup. 1921); <u>State v. Bentley</u>, 53 Atl. 1068 (Vt. Sup. 1903); and <u>Phillips v. Madrid</u>, 22 Atl. 114 (Me. Sup. 1891).

The minority view, which sanctions the application of a marrying state's prohibition on remarriage to persons divorced in other states, is set forth in the following authorities:   In Re Naturalization of Mayall, 154 F.Supp. 556 (E.D.Pa. 1957); Mosholder v. Industrial Commission, 160 N.E. 835 (Ill. Sup. 1928); Stevens v. Stevens, 136 N.E. 785 (Ill. Sup. 1922); Smith v. Woodworth, 44 Barb. 198 (N.Y.); and Kalmbacher v. Kalmbacher, 63 Pa. D & C 195 (Pa.).

While your question does not present a genuine choice-of-law situation, it is apposite to note that the applicable conflict of laws rule is that prohibitions against remarriage after divorce are generally construed to have no extraterritorial effect.  See, e.g., Loughran v. Loughran, 292 U.S. 216, reh. denied, 292 U.S. 615 (1934); Vickers v. Faubion, 224 S.W. 803 (Tex.Civ.App. 1920, no writ).

In our view, the substance of your question is:  Does the wording of Section 3.66 of the Texas Family Code, quoted supra, apply to a person seeking a Texas marriage license who has received an out-of-state divorce within the six months preceding the date of his license application?

The broad language of the Section does not exempt from its prohibition a person who obtained an out-of-state divorce, nor does the language of the Section that is underscored exempt the recipient of an out-of-state divorce from obtaining the waiver.  However, the underscored portion of the statute could logically apply only to persons divorced in the courts of this State, as that underscored language can have no effect on the divorce laws of other states, as shown by the authorities cited next above.

After an examination of the authorities cited hereinabove in support of the majority and minority views concerning the issue posed by your question, we are of the opinion that the reasoning of the majority of the courts that have considered your question is the sounder and more cogent. We are further of the opinion that it was the intent of the Legislature that the prohibition contained in Section 3.66 was to be applicable only to persons who obtain divorces in this State.

Pursuant to Section 1.03(b)(4) of the Family Code, the application form for a marriage license contains a space to be filled in by the applicant in which he indicates if he has been divorced within the preceding six-month period. Section 1.07(c) of the Code provides:

"If it is revealed that either applicant has been divorced during the six-month period preceding the date of the application, the county clerk shall not issue the license unless it is shown that the subsequent marriage within the six-month period is permitted under Section 3.66 of this code."

This provision refers only to those persons divorced in Texas, and thus you are advised that, in view of the requirements of Sections 1.03(b)(4) and 1.07(c), supra, the following procedure should be followed by a county clerk when a license is issued to a person who has obtained an out-of-state divorce. The person must complete the marriage license application form in full, answering in the affirmative in the space relating to a prior divorce. The clerk shall then issue a license to the applicant, in consonance with the holding of this Opinion and our construal of Section 1.07(c)'s lack of application to the situation presented by your question.

Accordingly, your question is answered in the affirmative.

## S U M M A R Y

The six months prohibition on remarriage after a divorce that is contained in Section 3.66 of the Texas Family Code applies only to persons who have secured a divorce from a Texas court. The prohibition does not apply to a person seeking a marriage license in Texas who, within the six-month period preceding the date of his marriage license application, has been divorced in another

state.  Such person may, therefore, be issued a marriage license by a Texas county clerk at any time after his divorce, in any state other than Texas, has become final.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Arthur Sandlin
Sally Phillips
James Mabry
Ray McGregor

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant