WEST ALLIS SCHOOL DISTRICT, Plaintiff-Appellants,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS
and Victor P. Buff, Defendants-Respondents.†

Court of Appeals

*No. 82–729. Submitted on briefs November 11, 1982.—*
*Decided December 14, 1982.*
(Also reported in 329 N.W.2d 225.)

For the plaintiff-appellant the cause was submitted on the briefs of *Michael J. Sachen,* West Allis city attorney, and *Paul C. Hemmer,* West Allis assistant city attorney.

For the defendant-respondent Department of Industry, Labor and Human Relations the cause was submit-

---

† Petition to review granted.

ted on the brief of *Bronson C. La Follette*, attorney general, and *Stephen M. Sobota*, assistant attorney general, with which *Michael H. Gillick* of *Gillick, Murphy, Gillick & Wicht*, attorney for defendant-respondent Victor P. Buff, concurred.

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

DECKER, C.J. The West Allis School District (district) appeals from a judgment of the circuit court which affirmed a February 14, 1980 order of the Labor and Industry Review Commission (commission), in which the commission determined that the district failed to rehire Buff in good faith, in violation of sec. 102.35, Stats. We affirm the trial court.

The district contends that the commission's order erroneously construed sec. 102.35 (3), Stats., to require the employer to demonstrate good faith in termination actions. The district also contends that there is not credible and substantial evidence in the record supporting the commission's determination that the district did not act in good faith.

Buff was hired as one of two general laborers by the district on March 15, 1975, under a subgrant governed by the Comprehensive Employment and Training Act (CETA). On January 29, 1976, Buff sustained a compensable back injury and was temporarily totally disabled from February 7, 1976, to February 28, 1976, and from March 6, 1976, to May 29, 1976, receiving disability payments for those periods. On May 26, 1976, the district requested that the Milwaukee County Work Experience and Training Projects Division, which administers the CETA grants, discontinue funding for the general laborer positions. On May 29, 1976, Buff returned to work. The positions were abolished by the Milwaukee County office effective July 1, 1976, and Buff was terminated.

On August 30, 1977, a hearing examiner for the Workmen's Compensation Division determined that the dis-

trict did rehire Buff under the provisions of sec. 102.35 (3), Stats., and therefore no violation of the statute had occurred. The commission found on July 12, 1978, that the district rehired Buff *pro forma* but did not rehire him in good faith as required by their construction of sec. 102.35(3). The commission remanded the case to the hearing examiner. On February 14, 1979, the hearing examiner acknowledged the commission's findings on "good faith" and ordered payment to Buff.

On October 25, 1979, the commission affirmed the findings of the second hearing and issued its own order of payment. On November 14, 1979, the district commenced suit in Milwaukee county circuit court seeking review of the findings and order of the commission. This action was later dismissed and remanded to the commission due to its failure to consult with the hearing examiner regarding the credibility of the witnesses. On February 14, 1980, the commission entered independent findings of liability and an order directing payment. The trial court affirmed the commission's actions in March, 1982.

The district raises two issues on appeal:

(1) Should sec. 102.35(3), Stats., be construed to require an employer to demonstrate good faith in taking subsequent termination action?; and

(2) Is there credible and substantial evidence to support the commission's findings that the district, without reasonable cause, failed to rehire Buff in good faith, in violation of sec. 102.35(3), Stats?

## CONSTRUCTION OF SEC. 102.35(3), STATS.

We are not bound by the commission's conclusions of law. However, if an agency's legal conclusion is reasonable, we will sustain it even though an alternative conclusion may be equally reasonable. *United Way of Great-*

er *Milwaukee, Inc. v. Department of Industry, Labor & Human Relations,* 105 Wis. 2d 447, 453, 313 N.W.2d 858, 861 (Ct. App. 1981).

The district contends that its only obligation under sec. 102.35 (3), Stats., was to return the respondent to work, an obligation which the district fulfilled. The statute provides in part:

(3) Any employer who without reasonable cause refuses to rehire an employe who is injured in the course of employment, where suitable employment is available within the employe's physical and mental limitations, upon order of the department and in addition to other benefits, has exclusive liability to pay to the employe the wages lost during the period of such refusal, not exceeding one year's wages . . . .

In *Waunakee Canning Corp. v. Industrial Commission,* 268 Wis. 518, 526, 68 N.W.2d 25, 30 (1955), our supreme court held:

It is considered that the language used in the compensation act should be as liberally construed to effectuate the beneficent purposes intended, as can reasonably be done. Construction, where construction is permissible, which will give to the law its fullest reasonable scope, is thought to be what is required to carry out the legislative purpose.

The district's contention that good faith is not required would contravene the beneficent purpose of the statute by allowing the employer to rehire the employe for a day and then terminate the employe. In construing a statute, unreasonableness or absurdity should be avoided. *Larson v. Department of Industry, Labor & Human Relations,* 76 Wis. 2d 595, 609, 252 N.W.2d 33, 39 (1977). We believe that the district's narrow interpretation leads to the unreasonable result of allowing employers to circumvent the rehiring requirement of the

statute by terminating employes shortly after rehiring them. The commission's interpretation is a reasonable one which prevents this untoward result.

Accordingly, we affirm the commission's construction of sec. 102.35 (3), Stats., to include a requirement of good faith in rehiring.

## SUFFICIENCY OF THE EVIDENCE

In reviewing the sufficiency of credible evidence underlying an agency's determination, we need find only that the evidence is sufficient to exclude speculation or conjecture. *Bumpas v. Department of Industry, Labor & Human Relations,* 95 Wis. 2d 334, 343, 290 N.W.2d 504, 508 (1980). We will not substitute our judgment for that of the commission as to the weight or credibility of evidence on any finding of fact. Sec. 102.23 (6), Stats. The commission's findings must be upheld on appeal even if they are contrary to the great weight and clear preponderance of the evidence. *Goranson v. Department of Industry, Labor & Human Relations,* 94 Wis. 2d 537, 554, 289 N.W.2d 270, 278 (1980). Our review of the record persuades us that there was substantial and credible evidence in the record to uphold the commission's findings that the district failed to rehire Buff in good faith.

Buff's employment for the district was as a general laborer under a CETA grant. Although his work under CETA was classified as general laborer, the commission found that Buff's work included many of the general duties of a custodian. Buff testified that during his employment he cleaned hallways and rooms, changed lights, raised and lowered the flag, painted concrete floors and stairs, replaced broken windows, took out garbage, set up lunch tables, set up pallets for shipping paper and paints and drove a truck. The business director of the West Allis School District testified that while

general laborers repair walls, wash walls and perform other tasks of that nature, custodians have charge of the maintenance of entire buildings. This includes cleaning rooms, dry mopping, dusting, cleaning lavatories, window washing and heavy floor work such as stripping and replacing wax. The commission's finding that Buff was a general laborer and custodian is upheld because the evidence shows that Buff's work exceeded that of a general laborer. In fact the district itself acknowledges this point in support of its argument that Buff was unlawfully engaged in work not authorized by the CETA grant.

The commission's finding that the district failed to rehire Buff in good faith is based on several facts of record. Three days prior to the rehiring of Buff, the district made a written request for the abolishment of his position as general laborer. No copy of this request was sent to Buff. Some time in late June, 1976, Buff had a discussion with his supervisor. When Buff advised him that his back was still sore, the supervisor responded that he would do his best to get Buff "laid off" by June 30, 1976. Buff's job was terminated on June 30, 1976.

During the summer of 1976, the district hired provisional student help to perform many of the duties previously performed by Buff. The district also hired a new school custodian. Although Buff had filed an application for regular employment and although there is no evidence in the record of complaints regarding Buff's job performance, he was not hired for the job.

The district asserts that its reason for Buff's termination was that there was insufficient work for a general laborer, yet within a short time after his termination it employed summer help and a new custodian to perform the same types of duties.

The district also asserts that Buff's termination was not in bad faith in violation of sec. 102.35(3), Stats.,

because Buff was unlawfully engaged in performing the work of currently employed regular employes, in violation of CETA regulations. The rule is clear that Buff's right to recover is not defeated because he violated a rule or statute if he was otherwise acting within the scope of employment. *Grant County Service Bureau v. Industrial Commission*, 25 Wis. 2d 579, 585, 131 N.W.2d 293, 296 (1964).

Accordingly, even if Buff were unlawfully employed, which was not a finding of the commission, he would still be entitled to the protection of sec. 102.35(3), Stats.

We conclude that there was sufficient and credible evidence that the district violated the good faith in rehiring requirement of sec. 102.35(3), Stats., by requesting that the federal funds for Buff's position as general laborer be terminated. We therefore affirm the judgment of the trial court.

*By the Court.*—Judgment affirmed.