The WISCONSIN VOCATIONAL, TECHNICAL & ADULT EDU-CATIONAL SERVICES DISTRICT CONSORTIUM (FOX VAL-LEY VOCATIONAL, TECHNICAL & ADULT EDUCATION DISTRICT), Plaintiff-Respondent,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Defendant-Appellant,

Nelson J. HOUGH, Defendant.†

Court of Appeals

*No. 84–355. Submitted on briefs November 9, 1984.— Decided June 13, 1985.*
(Also reported in 371 N.W.2d 811.)

For the defendant-appellant the cause was submitted on the briefs of *Robert C. Reed* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Steven A. Veazie* and *Mulcahy & Wherry, S.C.* of Madison.

Before Gartzke, P.J., Dykman, J., and Bruce F. Beilfuss, Reserve Judge.

BEILFUSS, Reserve Judge.  The Labor and Industry Review Commission appeals from an order of the circuit court reversing a LIRC decision which granted unemployment compensation benefits to Nelson J. Hough, a vocational education instructor.  Respondent is the Wisconsin Vocational, Technical and Adult Educational Services District Consortium at Fox Valley Vocational, Technical and Adult Education District (the district), a public educational institution.

Respondent employed Hough during the 1979–80, 1980–81 and 1981–82 school years.  Hough worked during the summer in Illinois between school years in 1980.  He was laid off by his Illinois employer a few weeks before the 1980–81 academic year began.  He returned to work for respondent in the fall of 1980.  At the conclusion of that school year in 1981, he applied for benefits based on his combined weeks of employment with respondent and the Illinois employer.

The Department of Industry, Labor and Human Relations (DILHR) denied benefits in its Initial Determination.  The denial stated that sec. 108.04(17)(a), Stats., made Hough ineligible because he had served as an in-

structor in the 1979–80 academic year and had a reasonable assurance he would perform such services the next academic year.

Pursuant to sec. 108.09(2r), Stats., Hough asked for a second determination. DILHR applied sec. 108.14(8n)(e), which determines shares of liability among employers when the employee worked in two or more jurisdictions, and reversed its determination of ineligibility. It concluded that Hough could elect to combine wages earned in both states within the applicable base period for the purpose of obtaining and allocating the cost of benefits. Accordingly, DILHR held respondent liable for 86.945 percent of Hough's benefits because respondent had paid that percentage of his wages during the base period. Both the DILHR Appeal Tribunal and LIRC affirmed this determination.

Respondent appealed to the circuit court. The court reversed LIRC, finding Hough ineligible for benefits under sec. 108.04(17)(a), Stats.

The dispositive issue on appeal is whether sec. 108.14(8n)(e), Stats., requires payment of unemployment compensation benefits to Hough, notwithstanding the limitations on eligibilty for public school instructors between academic years in sec. 108.04(17)(a).

Appellant argues that LIRC correctly determined that Hough was eligible for unemployment compensation benefits and that it properly set Hough's benefit rate. Appellant also argues that LIRC correctly charged respondent a proportionate share of the benefits paid to Hough.

"In reviewing a circuit court order reversing an order of an administrative agency, an appellate court's scope of review is the same as that of the circuit court" (footnote omitted). *State ex rel. Palleon v. Musolf,* 117 Wis. 2d 469, 473, 345 N.W.2d 73, 75 (Ct. App.), *aff'd,* 120 Wis. 2d 545, 356 N.W.2d 487 (1984). It is not bound by the agency's conclusion of law. *West Allis School Dis-*

*trict v. DILHR*, 110 Wis. 2d 302, 304, 329 N.W.2d 225, 227 (Ct. App. 1982). It has "the power in the first instance to determine whether the standard or policy choice used by the agency comports with the statutory purpose." *Leissring v. DILHR*, 115 Wis. 2d 475, 481-82, 340 N.W.2d 533, 536 (1983). "[W]here the question involved is one of first impression, the court will accord the agency's interpretation due weight in determining the appropriate statutory construction, rather than the great weight-rational interpretation standard." *Arrowhead United Teachers v. ERC*, 116 Wis. 2d 580, 594, 342 N.W.2d 709, 716 (1984).

In construing a statute, the entire section and related sections are to be considered in its construction or interpretation. Furthermore, a statute should be construed to give effect to its dominant idea, and the entire statute should be brought into harmony with the statute's purpose. *State v. Clausen*, 105 Wis. 2d 231, 244, 313 N.W.2d 819, 825 (1982).

LIRC could not determine Hough's eligibility without first deciding whether sec. 108.04(17)(a), Stats., limited sec. 108.14(8n)(e). Because the agency was interpreting related statutes in a novel factual context, rather than applying settled law to new facts, we accord only due weight to its conclusions.

Pertinent parts of the controlling statutes are as follows. Section 108.04(17)(a), Stats., provides:

An employe of a nonprofit or public educational institution . . . who performs services in an instructional . . . capacity is ineligible for benefits based on such services for any week of unemployment which occurs during a period between 2 successive academic years . . . , if such employe performed such services in the first such academic year or term and if there is a contract or a reasonable assurance that such employe will perform such services in the 2nd such academic year or term.

Section 108.14(8n)(a), Stats., provides:

The department shall enter into a reciprocal arrangement which is approved by the U.S. secretary of labor pursuant to s. 3304(a)(9)(B) of the federal internal revenue code, to provide more equitable benefit coverage for individuals whose recent work has been covered by the unemployment compensation laws of 2 or more jurisdictions.

Section 108.14(8n)(e), Stats., provides:

This state's share of any benefits paid under this subsection shall be charged to the account of each employer by whom the employe was employed in the applicable base period, in proportion to the total amount of wages he or she earned from each employer in such base period, except that if s. 108.04(5) or (7)(a) would have applied to employment by such an employer, . . .

In construing sec. 108.04(17)(a), Stats., we must read its disqualifying language with the general purpose of ch. 108 in mind. *Leissring,* 115 Wis. 2d at 484, 340 N.W.2d at 537.

Subsection 108.04(17)(a), Stats., follows the language in amendments to the Federal Unemployment Tax Act, 26 U.S.C. sec. 3304(a) 1982 which governs employer participation in the state's unemployment compensation system. Both laws make unemployment compensation unavailable to certain nonprofit and public school employees for the period between two successive academic years or terms, when the employee has a contract for the coming year or has a reasonable assurance of employment in a similar capacity. *Lessring,* 115 Wis. 2d at 484–87, 240 N.W.2d at 537–39. The effect of sec. 108.04(17)(a), is to disqualify such employees for benefits based on weeks of educational service when the employees are unemployed between successive academic years. In interpreting sec. 108.04(17)(a), the Wisconsin Supreme Court has stated:

It is clear that Congress and the Wisconsin Legislature intended that public school teachers, like other state and

governmental employes, receive unemployment compensation benefits if eligible. . . . The legislative history of sec. 108.04(17)(a), and the federal provisions on which it is based, indicate that the intent of the limited disqualification in sec. 108.04(17)(a) is to prevent subsidized summer vacations for those teachers who are employed during one academic year and who are reasonably assured of resuming their employment the following year.

*Leissring,* 115 Wis. 2d at 488–89, 340 N.W.2d at 539.

Hough had a teaching contract with respondent for the 1981–82 school year. Under sec. 108.04(17)(a), Stats., he was ineligible for benefits for the summer of 1981 based on his weeks of teaching service. LIRC erred in granting benefits unless sec. 108.14(8n)(e) accorded an independent basis for eligibility.

LIRC construed sec. 108.14(8n)(e), Stats., to require that respondent pay a percentage of benefits granted Hough. Its conclusion implied that this section controlled making a public school employer with no liability under sec. 108.04(17)(a) liable for a share of benefits. LIRC's analysis suggests that a teacher who remains in the state between school years would be ineligible for benefits but would be eligible if the teacher worked some weeks between school years in another state. [1]

We conclude LIRC erred by applying a statute which merely allocates employer liability to a situation where

---

[1] Appellants argue that a teacher's in-state summer employment with a noneducational employer would have produced the benefits granted to Hough, except that the noneducational employer would bear the costs. Section 108.04(4)(a), Stats., bases eligibility for unemployment compensation on a minimum of 18 weeks of employment. Section 108.04(17)(a), precludes teachers from using weeks of educational service to establish this minimum during the summer unless they have no contractual or other assurance of educational employment the following school year. Hough only worked eight weeks with his noneducational employer. Under these circumstances neither employer would be liable.

the claimant was ineligible. Section 108.04(17)(a), Stats., makes Hough ineligible for benefits between school years. The proration of employer liability under sec. 108.14(8n)(e) for multi-jurisdictional claims is irrelevant to eligibility. Section 108.14(8n)(e) merely establishes proportional liability among employers after eligibility is established.

Section 108.14(8n), Stats., implements 20 U.S.C. sec. 3304(a)(9)(B) which requires states to make arrangements for combining employment and wages in determining unemployment benefits when the employee has worked in more than one jurisdiction. The purpose of the "combined wages and employment" requirement is "to establish a system whereby an unemployed worker with covered employment or wages in more than one State may combine all such employment and wages in one State, in order to qualify for benefits or to receive more benefits." 20 C.F.R. 616.1 1981.

Under the applicable federal definitions, the "paying state" is the state in which the claimant files "if the claimant qualifies for unemployment benefits in that State on the basis of combined employment and wages." 20 C.F.R. 616.6(e) 1981. The "transferring state" forwards its records of employment and wages to the paying state "for its use in determining the benefit rights of such claimant under its laws." 20 C.F.R. 616.6(f) 1981. Employment, the base period and the benefit year are to be determined under the unemployment compensation law of the paying state. 20 C.F.R. 616.6(g) and (i) (1981). *See also Eboch v. Unemployment Comp. Bd.*, 395 A.2d 321 (Pa. Commw. Ct. 1978) (construing 26 U.S.C. sec. 3304 to allow a state to deny unemployment compensation in a "combined wages" context because the state's law disqualified the employes).

Section 108.14(8n)(e), Stats., carries out the intent of the federal legislation by mandating that the state's share of any benefits paid under the combined wage provision

be shared proportionately by all Wisconsin employers. It does not provide a basis for determining eligibility under the law of the paying state.

Section 108.14(8n)(e), Stats., and the applicable federal regulations authorize the combination of employment and wages from multiple jurisdictions; however, 20 C.F.R. 616.6(g) and (i) 1981 expressly allows states to apply their law to determine benefits. The intent of the federal provisions and their Wisconsin counterparts is to provide unemployment protection for persons who move from one jurisdiction to another and who would be eligible for benefits on the basis of their work experience, except for the change of jurisdiction. The provisions for aggregation of multi-jurisdictional employment and wages do not affect eligibility for benefits under state law except in circumstances where the state's disqualification of the claimant is based on a change in jurisdiction.

Even if secs. 108.04(17)(a) and 108.14(8n)(e), Stats., were found to be in conflict, a rule of statutory construction commands that when a specific statute and a general statute relate to the same subject matter the specific statute controls. *Raisanen v. City of Milwaukee,* 35 Wis. 2d 504, 151 N.W.2d 129 (1967); *Fred Rueping Leather Co. v. City of Fond du Lac,* 99 Wis. 2d 1, 298 N.W.2d 227 (Ct. App. 1980). Section 108.04(17)(a) is the specific statute dealing solely with educational institution employees and sec. 108.14(8n)(e) a general statute covering all employees. Section 108.04(17)(a) therefore controls.

The Commission erred in its construction of secs. 108.14(8n)(e) and 108.04(17)(a), Stats. Section 108.04 (17)(a) makes Hough ineligible for unemployment compensation benefits based in part on his teaching in Wisconsin during the 1980–81 academic term.

We need not address the appellant's arguments regarding the proper determination of the benefit or the proper proration of employer liability.

*By the Court.*—Order affirmed.