NORTH LAKE MANAGEMENT DISTRICT, Petitioner-Appellant,†

v.

Wisconsin DEPARTMENT OF NATURAL RESOURCES, Respondent-Respondent.

Court of Appeals

*No. 93–1958. Submitted on briefs February 4, 1994.—Decided March 16, 1994.*

(Also reported in 513 N.W.2d 703.)

†Petition to review filed.

500

501

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *H. Stanley Riffle* and *Eric O. Schlieter* of *Arenz, Molter, Macy & Riffle, S.C.* of Waukesha.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Frank D. Remington*, assistant attorney general.

Before Brown, Nettesheim and Snyder, JJ.

BROWN, J.   North Lake Management District argues that § 227.42, STATS., grants it the right to a contested case hearing regarding the need for an Environmental Impact Statement (EIS). Because the supreme court has decided that the Department of Natural Resources has the discretion whether to hold a

contested case hearing in determining the need for an EIS, we affirm the trial court.

The District is responsible for protecting the quality of North Lake. The DNR determined that there was no need for an EIS regarding the removal of the Funk's Dam, which is located on the Oconomowoc River. In response to this decision, the District filed a petition with the DNR requesting a contested case hearing under § 227.42, STATS. Section 227.42(1) provides that a person shall have the right to a contested case hearing if:

> (a) A substantial interest of the person is injured in fact or threatened with injury by agency action or inaction;
>
> (b) There is no evidence of legislative intent that the interest is not to be protected;
>
> (c) The injury to the person requesting a hearing is different in kind or degree from injury to the general public caused by the agency action or inaction; and
>
> (d) There is a dispute of material fact.

The District alleged that the removal of the dam would result in the transport of sediment, pollutants, silt and nutrients into North Lake and that this would cause harm to the water quality of the lake. Thus, the District claimed that it met the four-part test listed above and was entitled to a contested case hearing.

Section 227.42(3), STATS., provides, however, that "[t]his section does not apply to rule-making proceedings or rehearings, or to actions where hearings at the discretion of the agency are expressly authorized by law." WISCONSIN ADM. CODE § NR 150.21(2) provides in part that "[a]n informational meeting may be held to

receive further public input and aid in the review of and decision on the need for the full EIS process." The DNR denied the District the right to a contested case hearing because it believed that WIS. ADM. CODE § NR 150.21(2) expressly authorized the DNR to determine, in its discretion, whether to hold a contested case hearing and that, therefore, § 227.42(1) did not apply to the District's situation.

The District then commenced the present action to obtain judicial review of the DNR's decision. The trial court found as a matter of law that WIS. ADM. CODE § NR 150.21(2) was a "law" within the meaning of the term as it was used in § 227.42(3), STATS. Therefore, the court held that § 227.42(1) did not apply to the District because WISCONSIN ADM. CODE § NR 150.21(2) gave the DNR discretion on whether to hold a contested case hearing. The District then appealed to this court.

■

The question presented in this case is a question of law. Therefore, this court will decide the question without deference to the decision of the trial court, *Ball v. District No. 4*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984), or that of the DNR, *see West Allis School Dist. v. DILHR*, 110 Wis. 2d 302, 304, 329 N.W.2d 225, 227 (Ct. App. 1982), *aff'd*, 116 Wis. 2d 410, 342 N.W.2d 415 (1984).

While the District contends that an administrative rule is not "law" within the meaning of § 227.42(3), STATS., and only a statute is "law" within that section, we decline to rule upon this argument. Rather, this case is controlled by *Wisconsin's Envtl. Decade, Inc. v. DNR*, 115 Wis. 2d 381, 340 N.W.2d 722 (1983) (*WED*

*XII*),[1] which decided that the DNR has the discretion whether to hold a contested case hearing regarding the need for an EIS.

In *Wisconsin's Envtl. Decade, Inc. v. Public Service Comm'n*, 79 Wis. 2d 409, 256 N.W.2d 149 (1977) (*WED III*), the supreme court first considered what type of proceeding or method was required by an agency as to the threshold decision whether to prepare an EIS. The trial court in *WED III* had ordered the Public Service Commission to conduct an investigation and evidentiary hearing as to whether or not an EIS was required when granting electric rate increases. *Id.* at 440-41, 256 N.W.2d at 165. The supreme court reversed, holding that an evidentiary hearing was not required. The court further held that the precise manner in which an agency determined whether or not to prepare an EIS was for the sound discretion of the agency involved as long as: (1) there was public participation, and (2) a reviewable record was assembled. *Id.* at 441-42, 256 N.W.2d at 165-66. The impact of § 227.42, STATS., was not considered by the court in *WED III*.

However, the supreme court applied its decision in *WED III* to § 227.42, STATS., six years later in *WED XII*. In *WED XII*, the DNR denied the petitioners the right to a contested case hearing regarding a decision not to prepare an EIS. *WED XII*, 115 Wis. 2d at 406, 340 N.W.2d at 734-35. The petitioners claimed that § 227.42(1) granted them the right to a contested case hearing. *WED XII*, 115 Wis. 2d at 406, 340 N.W.2d at 735. In addition to finding that the petitioners did not meet the criteria set forth under § 227.42(1)(c), the

[1] Our supreme court has decided twelve cases where Wisconsin's Environmental Decade was a party. Only *WED III* and *WED XII* are material to this decision.

court discussed § 227.42(3). The court stated that its decision in *WED III* held that the form of the hearings on whether an EIS should be prepared is authorized by law to be at the discretion of the agency. *WED XII*, 115 Wis. 2d at 407, 340 N.W.2d at 735. The court also reaffirmed its holding in *WED III* that there must be an opportunity for public participation and a reviewable record must be assembled. *Id*. at 394, 340 N.W.2d at 729.

We hold that because *WED XII* controls the instant case, the District does not have the right to a contested case hearing so long as there was an opportunity for public participation and a reviewable record was assembled.

The District next contends that an informational meeting is not a "hearing" within the meaning of § 227.42(3), STATS ., and therefore the section does not apply to its situation. As noted earlier, all that *WED XII* requires is an opportunity for public participation and a reviewable record.[2] Therefore, if the informational meeting in WIS. ADM. CODE § NR 150.21(2) meets these two requirements, then the District's second argument also fails.[3]

---

[2] The record does not indicate whether an informational hearing was held in this case. *WED XII* appears to require some kind of a hearing, but the District does not argue that it was denied some kind of hearing—the District only argues that it was denied a contested case hearing. Therefore, we do not address the issue of whether the District was actually denied the hearing required by *WED XII*.

[3] At the time of the decision in *WED XII*, § 227.42, STATS., was § 227.064, STATS., 1983-84.

An informational meeting is defined in WIS. ADM. CODE § NR 150.02(14) as "an optional, informal proceeding conducted by the department to receive public comments on an EA, EIS or an EIR." WIS. ADM. CODE § NR 150.21(2) also provides that the DNR shall consider all public comments on the need for an EIS. Thus, there is ample opportunity for the public to participate in the decision regarding the need for an EIS through the use of public comments and informal proceedings. Additionally, WIS. ADM. CODE § NR 150.22 provides for the procedures in which a reviewable record can be assembled regarding the need for an EIS. Therefore, we hold that the informational meeting provided in WIS. ADM. CODE § NR 150.21(2) meets the requirements set forth in *WED XII*.

We are not insensitive to the District's argument that if an administrative rule is deemed "law" within the meaning of § 227.42(3), STATS., an agency could circumvent the purpose of § 227.42(1) by promulgating rules granting it the discretion to hold contested case hearings. The purpose of § 227.42(1) was to create a residual hearing right. It serves as a safety net, affording a contested case hearing right to persons not granted a specific right to a hearing by other statutory provisions or administrative rules. *Milwaukee Metro. Sewerage Dist. v. DNR*, 126 Wis. 2d 63, 73, 375 N.W.2d 648, 652 (1985). It could be argued that if an agency can promulgate rules exempting itself from the hearing right provided in § 227.42(1), then the statute is meaningless. If the legislature had intended that an agency should decide whether a person would have a contested case hearing right or not, then it need not have enacted § 227.42(1) and would have simply granted the agen-

cies the power to decide whether a hearing right should be given in any particular agency action.

Moreover, in order to avoid overburdening the DNR, the legislature has added three additional subsections to § 227.42, STATS., since 1975 that limit the application of the section in certain actions taken by the DNR. *See* Laws of 1979, ch. 221, § 711x; Laws of 1981, ch. 374, § 134; 1983 Wis. Act 298, § 15. Once again, it could be argued that there would be no reason for this legislative action if the DNR could simply promulgate rules limiting the application of § 227.42. Therefore, there appears to be a strong argument that an agency could go beyond its authority and promulgate rules contrary to the purpose and policy of § 227.42 if an administrative rule is deemed "law" within the meaning of § 227.42(3).

However, as stated earlier, we decline to decide this case on those grounds. The supreme court has stated clearly in *WED XII* that § 227.42(1), STATS., does not grant a contested case hearing right regarding the need for an EIS. On review, the supreme court may want to revisit its decision in *WED XII* in light of the District's arguments, but that is not for this court to do. Accordingly, we affirm the trial court.

*By the Court.*—Order affirmed.